PER CURIAM:
 

 The Vintero Corporation (Vintero), a Chapter XI debtor, brought an adversary proceeding in bankruptcy court in the Southern District of New York against Corporación Venezolana de Fomento (CVF) and Venezolane de Cruceros del Caribe (Cariven) to determine the validity and priority of their creditors’ liens on the S.S. Santa Rosa. Vintero moved for summary judgment, claiming, first, that the ship was collateral customarily used in more than one jurisdiction and that the creditors had failed to take the steps necessary under the Uniform Commercial Code (U.C.C.) to perfect security interests in such collateral. Second, Vintero argued that the security interests became unperfected in any event when the creditors failed to refile in Maryland within four months after the vessel was moved there from Virginia.
 

 In opposition to Vintero’s motion CVF argued in point I of its memorandum of law that Cariven had beneficial title to the ship because Vintero, in purchasing the Santa Rosa, had acted as Cariven’s agent. In point II CVF asserted that Vintero had breached its contract with Cariven but that Cariven had substantially performed. Point III stated that because Vintero’s principal DeLyra had perpetrated a fraud on CVF and Cariven as alleged in a separate action,
 
 [1]
 
 Vintero should be deemed a trustee holding the ship for the benefit of Cariven.
 

 Bankruptcy Judge Le wittes granted Vintero’s motion for summary judgment on the four-month refiling issue. He found that CVF had presented no material facts challenging Vintero’s ownership of the vessel, and that under the U.C.C. the creditors’ security interests were unperfected and subordinate to Vintero’s status as a debtor in possession. On appeal to the district court CVF’s brief presented two arguments: (1) a constructive trust should be imposed in favor of CVF on Vintero’s title to the Santa Rosa because Vintero would be unjustly enriched by retaining both the purchase money and the vessels, and (2) a contractual term should be implied in law into the Cariven-Vintero contract transferring title from Vintero to Cariven to prevent unjust enrichment. CVF did not contest the bankruptcy court’s interpretation of the U.C.C. Vintero cross-appealed, challenging the bankruptcy court’s rejection of its argument that the ship was collateral customarily used in more than one jurisdiction on which the creditors had failed to
 
 *515
 
 perfect their security interests. The United States District Court for the Southern District of New York, Lawrence W. Pierce,
 
 Judge,
 
 affirmed the bankruptcy court’s decision, finding that the cross-appeal was meritless and that CVF had not raised its equitable arguments before Judge Lewittes so could not raise them in the appellate court. CVF appeals, and we reverse.
 

 A party who has not raised an issue below “is precluded from raising it for the first time on appeal.”
 
 Schwimmer v. Sony Corp. of America,
 
 637 F.2d 41, 49 (2d Cir. 1980). Arguments made on appeal need not be identical to those made below, however, if the elements of the claim were set forth and additional findings of fact are not required.
 
 Higginbotham v. Ford Motor Co.,
 
 540 F.2d 762, 768 n.10 (5th Cir. 1976);
 
 Maynard v. General Electric Co.,
 
 486 F.2d 538, 539 (4th Cir. 1973). Therefore when a party raises new contentions that involve only questions of law, an appellate court may consider the new issues.
 
 Telco Leasing, Inc. v. Transwestern Title Co.,
 
 630 F.2d 691, 693-94 (9th Cir. 1980);
 
 Foster v. United States,
 
 329 F.2d 717, 718 (2d Cir. 1964).
 
 See also North American Leisure Corp. v. A & B Duplicators, Ltd.,
 
 468 F.2d 695, 699 (2d Cir. 1972). That is the situation here.
 

 While CVF did not use the words “unjust enrichment” before the bankruptcy court, it did contend that a constructive trust should be imposed. CVF’s constructive-trust argument before the district court was in reality no more than a rewording of points I and III of its bankruptcy-court brief. Point I had urged the court to find that under the contract between Vintero and Cariven, Vintero was an agent and title was in Cariven. Point III asserted, without prior reference in the pleadings but by cross-reference to the separate fraud action,
 
 see
 
 note 1
 
 supra,
 
 that Vintero was guilty of fraud so should be deemed the trustee rather than owner of the vessel.
 

 Although in the district court CVF argued instead that a constructive trust should be imposed to prevent unjust enrichment, it relied on the alleged fraudulent scheme whereby DeLyra, principal of the debtor and 49% owner of Cariven, was enabled to resell the ships purchased by the debtor to Cariven, a shell, for more than eight times their purchase price. This was allegedly accomplished using CVF-issued Venezuelan government guarantees of Ca-riven’s borrowings to the extent of some $8 million, only a small portion of which was spent on the vessels. Although CVF now favors a constructive trust in favor of itself rather than Cariven, CVF had sought to have the bankruptcy court place title in Cariven only so it could then reach the asset by pursuit of Cariven. The facts that CVF alleged in the bankruptcy court concerning the purportedly fraudulent scheme equally support a theory of unjust enrichment for which a constructive trust would be an appropriate remedy. Since the only new feature of CVF’s first argument in district court was its legal theory, we hold that CVF was not precluded from raising this argument.
 

 The second argument CVF made in the district court was that a contractual term should be implied to the effect that because Cariven had “paid more than the reasonable value of the vessels .. . title to the vessel shall be deemed to be in Cariven.” Before Judge Lewittes CVF had contended that Vintero, but not Cariven, had breached the contract; as a result, CVF had asserted, “any condition precedent ... to the Debt- or’s delivery of possession and legal title of the Santa Rosa to Cariven” had been waived or performed. Since the law will not impose a quasi-contractual obligation in favor of a party in default under an express contract, that Cariven was not in breach was a condition precedent to CVF’s entitlement to the new request for equitable relief •based on unjust enrichment. We believe that the district court should have considered this request, which is essentially a clarification of the relief sought pursuant to point II of CVF’s bankruptcy-court brief.
 

 Accordingly the judgment is reversed and the cause remanded to the district court for its further consideration and, if necessary, a remand to the bankruptcy court, which never developed the facts pertaining to the
 
 *516
 
 fraudulent scheme alleged in point III of CVF’s bankruptcy-court brief and the constructive-trust agreement presented to the district court. In the interests of sound judicial administration, we suggest that the district court await the decision in the still-pending fraud case, see note 1
 
 supra,
 
 which would then arguably be entitled to collateral-estoppel effect,
 
 see Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,
 
 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), a matter which, however, we do not now adjudicate.
 

 Judgment reversed, cause remanded. No costs.
 

 [1]
 

 . In 1976 CVF commenced an action in the Southern District of New York for a declaratory judgment that its guaranty of Cariven’s debt was void by reason of fraud and failure to obtain requisite Venezuelan government approvals. Judge Sweet held that CVF’s proof of fraud was deficient under New York law, and that CVF did not have a non-approval defense. No. 76-1671 (S.D.N.Y. Feb. 13, 1979). On appeal the Second Circuit affirmed in part and reversed in part,
 
 Corporacion Venezolana de Fomento v. Vintero Sales Corp.,
 
 629 F.2d 786 (2d Cir. 1980),
 
 cert. denied,
 
 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981), remanding the case in order to consider the fraud claim in accordance with Venezuelan law. That action is still pending.