■ DIANE DWYER, Appellant, v BURLINGTON BROADCASTERS, INC., Respondent. [744 NYS2d 55] —Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered December 17, 2001 in Clinton County, which denied plaintiff's motion for summary judgment and dismissed the complaint.

In August 1998, plaintiff was hired by defendant as an at-will employee to sell radio advertising. She worked on a commission basis until September 2000, when she voluntarily terminated her employment. Alleging that defendant had violated Labor Law § 191 (1) (c) by failing to pay her commissions on advertisements broadcast after the termination of her employment pursuant to contracts she had procured during her employment, plaintiff commenced this action to recover those commissions. She also sought statutory damages, costs and counsel fees pursuant to Labor Law § 198. When plaintiff moved for summary judgment, Supreme Court denied the motion and, after searching the record, dismissed the complaint. Plaintiff appeals.

As a commission salesperson, plaintiff was entitled to be paid commissions "in accordance with the agreed terms of employment" (Labor Law § 191 [1] [c]). According to plaintiff, she was hired pursuant to an oral agreement whereby she was paid commissions when the customer paid for advertisements pursuant to an advertising contract obtained by her. In contrast to *Yudell v Israel & Assoc.* (248 AD2d 189), upon which she relies, plaintiff did not present any evidence of a specific provision of this purported employment agreement providing for the payment of commissions for advertisements broadcast after she left her employment. In any event, plaintiff concedes that shortly after she began her employment, defendant provided her with written terms and conditions of employment. Contained therein was a provision which expressly stated defendant's policy "not to pay commissions on spots broadcast after the effective date of the termination of your employment * * * regardless of when the sale was made." Also contained therein was a provision that "[t]his policy is firm unless changed in writing."

Plaintiff contends that the writing was merely a contract offer which she refused to sign because it changed the terms of her oral employment agreement. While her signature would clearly have demonstrated her assent to the terms of the writing, the absence of her signature does not, as plaintiff claims, render those terms ineffective, even if the writing is viewed as a modification of the original employment agreement. Inasmuch as plaintiff was an at-will employee, the employment relationship was terminable at any time by either party and, therefore, "defendant was free to modify the terms of plaintiff's employment, subject only to plaintiff's right to leave [her] employment if [she] found the new terms unacceptable * * * . Having remained in defendant's employment, however, plaintiff is deemed to have assented to the modification and, in effect, commenced employment under a new contract * * * " (*Bottini v Lewis & Judge Co.*, 211 AD2d 1006, 1008 [citations omitted]; *see, Gebhardt v Time Warner Entertainment—Advance/ Newhouse*, 284 AD2d 978). Accordingly, in the absence of a subsequent writing expressly modifying the stated policy, the record demonstrates as a matter of law that plaintiff is not entitled to the posttermination commissions she seeks in this action. Therefore, summary judgment dismissing the complaint is appropriate, despite the absence of a cross motion by defendant (*see*, CPLR 3212 [b]).

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.