■ HAROLD BERGER, Appellant, v ROOSEVELT INVESTMENT GROUP INC., Respondent. [813 NYS2d 419]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 11, 2005, dismissing the complaint upon the prior grant of defendant's motion for summary judgment, unanimously affirmed, with costs. Appeal from the underlying order, same court and J.H.O., entered September 27, 2005, unanimously dismissed, without costs, as superseded by the appeal from the judgment.

After a series of oral agreements setting forth plaintiff's salary and commissions for his at-will employment as a salesperson at defendant asset management firm, the parties entered into a written agreement setting forth a new commission structure. The agreement also indicated that plaintiff would not receive any posttermination commissions. The contract contained a merger clause providing that the agreement superseded any prior understandings or agreements, whether oral or written, between the parties. After plaintiff was terminated, he instituted this action alleging, inter alia, that he had been falsely induced to sign the written agreement so defendant could refuse to pay him the commissions that would otherwise have been due.

Based on the language of the complaint, the court properly interpreted plaintiff's argument as alleging an intention not to perform and properly dismissed the claim for fraudulent inducement since "[i]t is well settled that a cause of action for fraud does not arise where the only fraud alleged merely relates to a party's alleged intent to breach a contractual obligation" (*767 Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75, 76 [2004]). Moreover, plaintiff failed to show a misrepresentation or mate-

rial omission of fact that was false and known to be so by defendant, made for the purpose of inducing plaintiff to rely upon it, justifiable reliance on the misrepresentation or material omission, and injury (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Although plaintiff alleged in his complaint that the parties' agreement provided for his continued employment when defendant had no intention of honoring that, "continued employment" does not mean long-term employment, and in fact, plaintiff remained in defendant's employ for some three months after signing the agreement. Moreover, plaintiff could not establish reasonable reliance on any alleged misrepresentation of defendant with respect to the length of his employment, since he was an at-will employee (*see Tannehill v Paul Stuart, Inc.*, 226 AD2d 117 [1996]). As such, his employer had the right to impose any terms it chose on plaintiff's continued employment (*see Rutter v Julien J. Studley, Inc.*, 244 AD2d 239 [1997]; *and see Dwyer v Burlington Broadcasters*, 295 AD2d 745 [2002], *lv denied* 98 NY2d 611 [2002]). In any event, e-mails and any other promises allegedly made by defendant were superseded by the merger clause in the parties' written agreement (*see Payne v Enable Software*, 229 AD2d 880, 882 [1996]). Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.