■ W. Andrew Plank, Appellant-Respondent, v Watson Bowman Acme Corporation, Respondent-Appellant. [849 NYS2d 148]—

Appeal and cross appeal from an amended order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered November 8, 2006. The amended order denied defendant's motion for summary judgment and plaintiff's cross motion for summary judgment.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint and granting defendant partial summary judgment on liability on the counterclaim and as modified the amended order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action to recover damages for breach of his employment agreement, alleging that he was "released" from his employment by defendant's parent company, Degussa Construction Chemicals, Inc. (Degussa), within the first 24 months of his employment. In its answer, defendant asserted a counterclaim for repayment of a

signing bonus and relocation costs based on plaintiff's voluntary resignation within the first 24 months of plaintiff's employment. Pursuant to the employment agreement, plaintiff was required to repay a signing bonus and relocation costs in the event that he voluntarily left Degussa within the first 24 months of his employment, and plaintiff was entitled to severance pay and benefits in the event that Degussa released plaintiff within the first 24 months of his employment. Approximately 14 months after plaintiff was hired, and following plaintiff's transfer from defendant corporation to another subsidiary owned by Degussa, plaintiff tendered his letter of resignation. Defendant moved for summary judgment dismissing the complaint and for judgment on its counterclaim, for "repayment of the signing bonus and relocation expenses." We conclude that Supreme Court should have granted defendant's motion insofar as it sought summary judgment dismissing the complaint and partial summary judgment on liability on the counterclaim.

Plaintiff contends that he was constructively terminated when he was transferred to the subsidiary based on the reduction in his job duties. We reject that contention. Pursuant to the express language of the employment agreement, plaintiff was an at-will employee, and Degussa thus was "entitled to change the terms of the employment agreement . . . prospectively" (*Gebhardt v Time Warner Entertainment-Advance/Newhouse*, 284 AD2d 978, 979 [2001]). We conclude that defendant met its burden on that part of the motion seeking summary judgment dismissing the complaint by submitting the employment agreement and plaintiff's letter of resignation, and plaintiff failed to raise an issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We therefore modify the amended order accordingly.

With respect to that part of the motion seeking judgment on the counterclaim, we conclude that defendant is entitled to partial summary judgment on liability only, inasmuch as defendant failed to establish as a matter of law the amount of damages to which it is entitled. We therefore further modify the amended order accordingly, and we remit the matter to Supreme Court for an "immediate trial" on the issue of defendant's damages on the counterclaim (CPLR 3212 [c]). Present—Gorski, J.P., Smith, Centra, Lunn and Peradotto, JJ.