ANN KRONICK, Appellant, v L.P. THEBAULT COMPANY, INC., Also Known as L.P. THEBAULT COMPANY, Respondent. [892 NYS2d 895]—

In an action, inter alia, to recover unpaid wages, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), entered December 1, 2008, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the cause of action to recover unpaid wages. Accepting as true the factual allegations set forth in the complaint in support of that cause of action, and according to the plaintiff the benefit of every possible favorable inference to be drawn

therefrom (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Andre Strishak & Assoc. v Hewlett Packard Co.*, 300 AD2d 608, 609 [2002]), the complaint failed to state a cause of action to recover unpaid wages. Indeed, since the plaintiff alleged that she was an at-will employee of the defendant, it is clear that the defendant had the right to unilaterally alter the plaintiff's draw against commissions prospectively, subject to the plaintiff's right to leave the employment if she found the new terms unacceptable (*see Hanlon v Macfadden Publs.*, 302 NY 502, 505-506 [1951]; *JCS Controls, Inc. v Stacey*, 57 AD3d 1372, 1373 [2008]; *Plank v Watson Bowman Acme Corp.*, 46 AD3d 1338, 1339 [2007]; *Berger v Roosevelt Inv. Group Inc.*, 28 AD3d 345, 346 [2006]; *General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 88 [1991]). By remaining in the defendant's employ under the new compensation terms, the plaintiff is deemed to have accepted them (*see Shah v Wilco Sys., Inc.*, 27 AD3d 169, 174 [2005]; *Gebhardt v Time Warner Entertainment-Advance/Newhouse*, 284 AD2d 978, 979 [2001]; *Bottini v Lewis & Judge Co.*, 211 AD2d 1006 [1995]; *Waldman v Englishtown Sportswear*, 92 AD2d 833 [1983]), regardless of her failure to sign the notice advising her of the new terms (*see Dwyer v Burlington Broadcasters*, 295 AD2d 745, 746 [2002]).

The plaintiff's current contention concerning her unused vacation time is not properly before this Court, since she abandoned that claim by failing to oppose the branch of the defendant's motion which was to dismiss it (*see generally Ellis v Emerson*, 34 AD3d 1334, 1335 [2006]; *Genovese v Gambino*, 309 AD2d 832, 833 [2003]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.