OPINION OF THE COURT
Per Curiam.
Order, entered March 28, 2008, modified, upon search of the record, to grant defendant Cosentino and defendant law firm O’Connor, McGuiness, Conte, Doyle and Oleson summary judgment dismissing the complaint as against them; as modified, order affirmed, without costs.
*13 Defendants McNally and Valencia sought to purchase a plot of land in Red Hook, New York and construct a home on that land. Plaintiff alleges that it agreed to make a $60,000 bridge loan to McNally and Valencia in connection with that real estate purchase, and that McNally’s New Jersey property was to serve as security for the loan. McNally claims that Valencia alone procured the bridge loan, that McNally was unaware of the bridge loan, and that she never agreed to accept or repay the loan.
It is undisputed that prior to the closing on the Red Hook property, McNally executed a power of attorney appointing Valencia and defendant Cosentino, her attorney, as her agents. Under the plain terms of the power of attorney, Valencia and Cosentino were required to act together to take effective action as McNally’s agents. At the closing, which McNally did not attend, Valencia executed — in both his individual capacity and as McNally’s agent — a note and mortgage acknowledging the bridge loan from plaintiff, requiring McNally and Valencia to repay the loan under specified terms, and encumbering Mc-Nally’s New Jersey property. Critically, Cosentino did not execute the note or mortgage on McNally’s behalf or otherwise. The loan proceeds were subsequently transferred to Cosentino, who disbursed the proceeds to the sellers of the Red Hook property. Neither the note nor the mortgage (which Cosentino claims to have sent to both McNally and Valencia) was recorded, and McNally subsequently sold her New Jersey property to a nonparty entity. The bridge loan was never repaid despite the maturity of the debt and plaintiffs written demand to McNally and Valencia.
This action ensued, with plaintiff asserting causes of action for breach of contract, fraud/misrepresentation, conversion and unjust enrichment against McNally and Valencia, and breach of fiduciary duty, breach of contract and negligence against Cosentino and his law firm, based upon those defendants’ failure to record the note and mortgage securing the bridge loan. Cosentino and his firm asserted cross claims against McNally and Valencia for common-law indemnification.
Valencia failed to answer the complaint and a default judgment was entered in favor of plaintiff against him. McNally answered,. and subsequently moved for summary judgment dismissing the complaint and the cross claim as against her. Plaintiff cross-moved for summary judgment on the complaint against McNally. Civil Court granted those branches of Me *14 Nally’s motion seeking summary judgment dismissing the causes of action for breach of contract, fraud/misrepresentation and conversion, and denied that branch of the motion seeking dismissal of the claim for unjust enrichment. The court also granted that branch of McNally’s motion seeking dismissal of the cross claim of Cosentino and the law firm for common-law indemnification. Plaintiffs cross motion was denied in its entirety. This appeal by plaintiff and cross appeals by McNally and Cosentino and the law firm ensued.
Civil Court correctly determined that McNally was entitled to summary judgment dismissing plaintiffs breach of contract cause of action, since no contractual relationship was shown to exist between McNally and plaintiff (see Simplex Grinnell v Ultimate Realty, LLC, 38 AD3d 600 [2007]). As discussed above, the power of attorney executed by McNally required Valencia and Cosentino to act together as McNally’s agents. It being undisputed that only Valencia executed the note and mortgage as McNally’s agent, McNally was not bound by those documents (see HSBC Bank USA, N.A. v Decaudin, 49 AD3d 694 [2008]; see also Unterberg v Elder, 211 NY 499 [1914]). Nor was a triable issue raised as to whether Valencia acted with implied or apparent authority to bind McNally; plaintiff submitted no evidence tending to show that McNally engaged in misleading conduct giving rise to the appearance and belief that Valencia alone possessed authority to execute the note and mortgage on her behalf (see generally Hallock v State of New York, 64 NY2d 224 [1984]).
Civil Court also properly dismissed plaintiff’s fraud/ misrepresentation claim, which was premised on general, conclusory allegations that McNally entered into the loan transaction but lacked the intent to repay the loan (see New York Univ. v Continental Ins. Co., 87 NY2d 308 [1995]; Berger v Roosevelt Inv. Group Inc., 28 AD3d 345 [2006], lv denied 7 NY3d 712 [2006]), as well as plaintiffs conversion claim, which, in effect, sought damages for breach of contract (see Wolf v National Council of Young Israel, 264 AD2d 416 [1999]), not the return of specific, identifiable funds (see Peters Griffin Woodward, Inc. v WCSC, Inc., 88 AD2d 883 [1982]). A different result obtains with respect to that branch of McNally’s motion seeking summary judgment dismissing plaintiffs cause of action for unjust enrichment. In that regard, the denial of McNally’s motion was proper, since triable issues exist regarding whether McNally was enriched at plaintiffs expense and, if so, whether equity *15 and good conscience demand that McNally reimburse plaintiff (see generally Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 481 [2009]).
Upon searching the record (see CPLR 3212 [b]), we grant summary judgment to Cosentino and his law firm dismissing the complaint as against them. As a matter of law, neither Cosentino nor his law firm owed plaintiff any duty of care. Therefore, plaintiffs causes of action for breach of fiduciary duty and negligence against those defendants must be dismissed. Moreover, no contractual relationship existed between plaintiff and Cosentino or his law firm. Accordingly, plaintiffs breach of contract cause of action against Cosentino and his law firm must be dismissed. We note that the issue of whether Cosentino or his law firm owed plaintiff any type of duty — be it in tort or contract — was related to the claims litigated in the respective summary judgment motions (see generally Goldstein v County of Suffolk, 300 AD2d 441 [2002]) and the record on that issue was sufficiently developed (cf. Baseball Off. of Commr. v Marsh & McLennan, 295 AD2d 73 [2002]). Since no viable cause of action remains against Cosentino or his law firm, their cross claims for common-law indemnification are moot (see Adamczyk v Hillview Estates Dev. Corp., 229 AD2d 940 [1996], lv denied 89 NY2d 801 [1996]).
McKeon, EJ., Schoenfeld and Shtjlman, JJ., concur.