12-639-cv
*Kaplan v. Old Mutual*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand thirteen.

PRESENT:    PETER W. HALL,
            DEBRA ANN LIVINGSTON,
            CHRISTOPHER F. DRONEY,
                        Circuit Judges.

---

DENIS KAPLAN, ALAN LIEBOWITZ,

                    *Plaintiffs-Appellants,*

    -v-                                   No. 12-639-cv

OLD MUTUAL PLC, D/B/A OLD MUTUAL FINANCIAL NETWORK, OLD MUTUAL (US) HOLDINGS, INC., OLD MUTUAL U.S. LIFE HOLDINGS, INC., OLD MUTUAL (BERMUDA) LTD., OLD MUTUAL BUSINESS SERVICES, INC., OLD MUTUAL U.S. LIFE GROUP, OLD MUTUAL U.S. LIFE,

                    *Defendants-Appellees.*

---

                         RICHARD J. MONTES, Mauro Lilling Naparty LLP (Caryn L. Lilling *on the brief*) *for Plaintiffs-Appellants.*

                         JOHN R. WELLSCHLAGER, DLA PIPER LLP (US), Baltimore, MD (Michelle J. Dickinson, DLA Piper LLP (US), Baltimore, MD, and John Vukelj, DLA Piper LLP (US), New York, NY *on the brief*) *for Defendants-Appellees.*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered January 23, 2012, is **AFFIRMED** in part and **VACATED** in part, and the case **REMANDED** for further proceedings.

Plaintiffs-Appellants Denis Kaplan and Alan Liebowitz appeal from an award of summary judgment entered by the United States District Court for the Southern District of New York (Seibel, *J.*) on January 23, 2012, in favor of Defendants-Appellees Old Mutual, PLC, d/b/a Old Mutual Financial Network, Old Mutual (US) Holdings, Inc., Old Mutual U.S. Life Holdings, Inc., Old Mutual (Bermuda), Ltd., Old Mutual Business Services, Inc., Old Mutual U.S. Life Group, and Old Mutual U.S. Life (collectively, "Old Mutual"). Plaintiffs-Appellants brought breach of contract and quasi-contract claims under New York law against their former employer Old Mutual, claiming that Old Mutual breached the terms of a 2006 Long-Term Incentive Plan (" LTIP"). The district court found no issue of material fact as to: (1) whether the parties' 2003 Letter Agreements, which contained their own LTIP provisions, were final, integrated contracts; and (2) whether Old Mutual "retain[ed] the obligation or right to unilaterally" set new LTIP terms pursuant to the 2003 Letter Agreements, even crediting Plaintiffs-Appellants' claim that the LTIP provisions in these Agreements constituted mere "placeholders" for later LTIP provisions to be provided. The court determined that Plaintiffs' claims accordingly failed. On appeal, Plaintiffs-Appellants argue: (1) that the district court erred in failing to give effect to modification procedures enumerated in the 2003 Letter Agreements and allegedly followed by Old Mutual in creating the 2006 LTIP; (2) that the district court erred in granting summary judgment to Old Mutual given questions of fact whether the LTIP provisions in the 2003 Letter Agreements constituted mere placeholders for the "custom LTIP" provided by Old Mutual to Plaintiffs-Appellants in 2006; and (3) that the district court erred in dismissing Plaintiffs-Appellants' quasi-contract claims.

We review *de novo* a district court's award of summary judgment, construing the evidence in the light most favorable to the non-moving party. *See Fund for Animals v. Kempthorne*, 538 F.3d 124, 131 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm in part and vacate in part.

* * *

Plaintiffs-Appellants contend that a May 10, 2006 summary document ("May 2006 LTIP Memo") and subsequent July 17, 2006 letter ("July 2006 Letter") modified each 2003 Letter Agreement, as provided for by the terms of those Agreements. The 2003 Letter Agreements state "[a]ny modification of the terms contained in this letter must be made in writing and approved by Mr. Guy V. Barker, Chief Executive Office – Old Mutual U.S. Life Group." On July 17, 2006, after several months of negotiations, Barker sent each Plaintiff-Appellant a letter "confirm[ing] your participation in the 'Founders Portion' of the Old Mutual Bermuda Long-Term Incentive Plan" under terms consistent with the May 2006 LTIP Memo, which Barker's letter referred to as the LTIP "approved by" the Old Mutual Remuneration Committee. Old Mutual argues in response: (1) that Plaintiffs-Appellants' modification theory is not properly before the Court; (2) that in any event Old Mutual did not retain a right unilaterally to modify the LTIP provisions in the 2003 Letter Agreements and exercised no such right; and (3) that even if Old Mutual did offer to modify the 2003 Letter Agreements, Plaintiffs-Appellants never accepted the modification.

At the start, we note that waiver is a prudential rather than jurisdictional rule, and our Court has discretion to consider waived arguments where "necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks omitted).

3

Plaintiffs-Appellants presented various arguments relating to contract modification to the district court, and our Court allows "[a]rguments made on appeal [that are] not . . . identical to those made below . . . if the elements of the claim were set forth and additional findings of fact are not required." *Vintero Corp. v. Corporacion Venezolana de Fomento*, 675 F.2d 513, 515 (2d Cir. 1982). As Plaintiffs-Appellants have consistently asserted breach of contract claims involving the same elements and findings of fact developed below, we decline to deem Plaintiffs-Appellants' theory of contract modification to be waived.

Under New York law, "parties may modify a contract 'by another agreement, by course of performance, or by conduct amounting to waiver or estoppel.'" *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 783 (2d Cir. 2003) (quoting *CT Chems. (U.S.A.) Inc. v. Vinmar Impex, Inc.*, 613 N.E.2d 159, 162 (N.Y. 1993)). Contract modification requires proof of each element requisite to the formation of a contract, including "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Express Indus. & Terminal Corp. v. N.Y. State Dep't of Transp.*, 715 N.E.2d 1050, 1053 (N.Y. 1999); *see Dallas Aerospace*, 352 F.3d at 783. In an employment-at-will relationship, an employer may unilaterally modify the terms of employment going forward, "subject to the plaintiff's right to leave the employment if she [finds] the new terms unacceptable," *Kronick v. L.P. Thebault Co.*, 892 N.Y.S.2d 895, 895-96 (2d Dep't 2010); the employee's continued employment "is deemed to be a consent thereto," *Shah v. Wilco Sys., Inc.*, 806 N.Y.S.2d 553, 557 (1st Dep't 2005).

In rejecting Plaintiffs' breach of contract claims relating to the May 2006 LTIP Memo, the district court concluded, as a matter of law, that the 2003 Letter Agreements were final and that nothing in the language of these Agreements suggested that their LTIP provisions constituted mere "placeholders" for a later LTIP to be provided in 2006. The court also concluded that even if it were

4

to credit the placeholder argument, there was no evidence that the parties agreed in 2003 that Old Mutual would "*unilaterally* create the LTIP and have the sole discretion to determine its terms." Accordingly, the court concluded that even crediting the placeholder theory, the parties in 2003 had at most an "agreement to agree" on a later LTIP and that in the circumstances here, such an agreement provides no basis on which Plaintiffs-Appellants may recover. We agree with these determinations.

The district court did not consider, however, whether the May 2006 LTIP Memo and the July 2006 Letter modified the LTIP provisions in the 2003 Letter Agreements in accordance with the terms of those Agreements' modification provisions (by means of a written letter signed by Guy Barker) and whether this modification was assented to by the Plaintiffs-Appellants. We note that modification – be it mutual or unilateral – is a separate legal inquiry from whether the parties agreed in 2003 that the LTIP provisions in the 2003 Agreements would serve as placeholders for later provisions, whether to be provided by Old Mutual or mutually agreed upon. Old Mutual argues that it had no right unilaterally to modify the LTIP provisions, that it never manifested an intent to be bound by the terms of the May 2006 LTIP Memo, and that the Memo and July 2006 Letter are, at any rate, insufficiently definite to constitute a contract modification. We decline to resolve these issues in the first instance on appeal. We conclude simply that, upon analysis, disputed questions of material fact may exist as to these issues. As for Plaintiffs-Appellants' acceptance of modification (to the extent that Old Mutual either modified or offered to modify the LTIP provisions) we leave it to the district court to consider in the first instance whether Plaintiffs-Appellants' continued work at Old Mutual until March 2009 may constitute acceptance of the modified LTIP in the circumstances of this case.

We remand on these questions. Because we agree with the district court that the 2003 Letter Agreements were final, integrated contracts, we conclude that the LTIP provisions in these agreements did not constitute "placeholders" for a later LTIP agreement and that Plaintiffs-Appellants' quasi-contract claims therefore fail for substantially the reasons stated by the district court. Accordingly, the judgment of the district court is **AFFIRMED** as to Plaintiffs-Appellants' quasi-contract claims in favor of Old Mutual and **VACATED** as to Plaintiffs-Appellants' contract claim, and the case **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk