In an action, inter alia, to recover damages for negligence and breach of contract, the defendant National Real Estate Information Services Inc., LE appeals from an order of the Supreme Court, Richmond County (McMahon, J), dated March 20, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed, on the law, with costs payable by the respondent, and the motion of the defendant National Real Estate Information Services Inc., LE for summary judgment dismissing the complaint insofar as asserted against it is granted.
In January 2005, Fayyaz Ahmed, posing as Munir Lodhi, obtained a mortgage loan from the plaintiff in the amount of $304,200 secured by certain real property in Staten Island. The plaintiff hired the defendant National Real Estate Information Services Inc., LP (hereinafter National), to provide certain closing services in connection with the loan. The agreement between the plaintiff and National consisted of closing instructions which included the obligation of National to have the borrower execute all required documents and to determine that “all necessary signatures and notary acknowledgments are contained therein.” It is undisputed that National hired a notary public who met with Ahmed and attested to his signing the subject documents as Lodhi. It is also undisputed that Ahmed showed the notary public a driver license which indicated that he was Munir Lodhi. In December 2005, the plaintiff learned that the real Munir Lodhi had been the victim of identity theft and had not executed the subject note and mortgage.
The plaintiff commenced this action against, among others, National. The complaint asserted two causes of action against National, one sounding in negligence and the other alleging breach of contract. The causes of action alleged that National had breached its duty (the fifth cause of action) or the contract (the sixth cause of action) by failing to verify the identity of the *954 borrower. National moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion.
National demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract by tendering admissible evidence showing that it complied with its obligations under the subject agreement (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). National complied with its contractual obligation to obtain all “necessary signatures” of the borrower and “notary acknowledgments” inasmuch as the notary public verified the identity of the person signing the relevant paperwork by checking his identification and acknowledging his signatures thereon.
In opposition to National’s prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff does not dispute that Ahmed, who since has been convicted of criminal charges in relation to this incident, among others, presented a fabricated driver’s license indicating that he was Munir Lodhi. Further, the plaintiff has not submitted evidence that the driver’s license was obviously false or otherwise should have put National on notice as to the identity theft. Contrary to the plaintiffs contention, the terms of the parties’ written agreement did not require National to insure the identity of the person signing the note and mortgage, and the plaintiff failed to adduce any other evidence that National entered into such a contractual obligation.
National’s showing with respect to the breach of contract cause of action established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligence, since that cause of action failed to allege conduct giving rise to a breach of a legal duty independent of the contract. “[Mjerely alleging that the breach of a contract duty arose from a lack of due care will not transform a simple breach of contract into a tort” (Sommer v Federal Signal Corp., 79 NY2d 540, 551 [1992]; see Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc., 18 NY3d 675, 684 [2012]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 390 [1987]; Chiarello v Rio, 101 AD3d 793, 796 [2012]). Here, the cause of action sounding in negligence was “merely a restatement, albeit in slightly different language, of the ‘implied’ contractual obligations asserted in the cause of action for breach of contract” (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 390 [1987]).
Accordingly, the Supreme Court should have granted National’s motion for summary judgment dismissing the complaint insofar as asserted against it.
*955 In light of our determination, we need not address National’s remaining contention.
The arguments raised by the defendant United General Title Insurance Company on this appeal are not properly before this Court, since it failed to oppose the subject motion in the Supreme Court (cf. Kronick v L.P. Thebault Co., Inc., 70 AD3d 648, 649 [2010]). Angiolillo, J.E, Chambers, Sgroi and Cohen, JJ., concur.