Offor v. Mercy Medical Center, et. al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         JOSÉ A. CABRANES,
         RAYMOND J. LOHIER, JR.,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

DR. CHINWE OFFOR,
         <u>Plaintiff-Appellant</u>,

         -v.-                                          16-2342

MERCY MEDICAL CENTER, ROCKVILLE CENTRE
DIVISION, CATHOLIC HEALTH SERVICES OF
LONG ISLAND, DR. SWARNA DEVARAJAN, DR.
JOHN P. REILLY,
         <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              IKE AGWUEGBO, New York, New
                            York.

1

**FOR APPELLEES:**          CHRISTOPHER G. GEGWICH, Nixon
                           Peabody LLP, Jericho, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Spatt, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court be **AFFIRMED.**

Dr. Chinwe Offor appeals from an order of the United States District Court for the Eastern District of New York (Spatt, J.)[1]: (1) denying her motion for sanctions against defendants-appellees and their counsel and (2) granting defendants-appellees' motion for sanctions against Offor and her counsel. The portion of the appeal taken from the grant of sanctions against Offor has been dismissed for lack of jurisdiction,[2] see ECF No. 71; so the only issue remaining on this appeal is the denial of Offor's motion for sanctions. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

As an initial matter, we agree with the parties that the denial of Offor's motion for sanctions is currently appealable notwithstanding that the grant of defendants-appellees' motion for sanctions is not. The two motions involve completely separate and distinct circumstances, and the outcome of one does not impact the outcome of the other, and, because the denial of Offor's motion preceded final judgment on the merits, it "merge[d] with the judgment for purposes of appellate review." Shannon v. Gen. Elec. Co., 186 F.3d 186, 192 (2d Cir. 1999).

---

[1] Contrary to Offor's assertions, United States District Judge Arthur D. Spatt is indeed the author of the decision from which she appeals.

[2] The district court had not determined the amount of sanctions at the time Offor appealed the sanctions order. See Pridgen v. Andresen, 113 F.3d 391, 394 (2d Cir. 1997) ("[O]rders awarding attorney's fees as a sanction are not appealable until the amount of the sanction has been determined." (emphasis omitted)).

Offor invoked the district court's inherent sanctions power and 28 U.S.C. § 1927, charging that defense counsel conspired with the Equal Employment Opportunity Commission ("EEOC") to prevent Offor from obtaining a copy of her EEOC charge file.[3] The district court found this "wholly unsupported, speculative, and without any legal basis." Offor v. Mercy Med. Ctr., No. 15-CV-2219 (ADS) (SIL), 2016 WL 3566217, at *5 (E.D.N.Y. June 25, 2016).

We review the denial of a motion for sanctions for abuse of discretion. Perry v. Ethan Allen, Inc., 115 F.3d 143, 154 (2d Cir. 1997). We identify no such abuse here. The only evidence presented in support of Offor's sanctions motion was a conversation between defense counsel and the EEOC in which defense counsel sought to confirm that the EEOC would not share Offor's charge file (which contained sensitive information) with anyone other than Offor and her attorney. There is no evidence that defense counsel tried to prevent Offor herself from obtaining the file, or that counsel otherwise acted in bad faith. See Oliveri v. Thompson, 803 F.2d 1265, 1272-73 (2d Cir. 1986) (holding that imposition of sanctions under 28 U.S.C. § 1927 and district court's inherent power requires showing of bad faith). Although Offor encountered obstacles in accessing her charge file, there is no indication that defense counsel erected them.

---

[3] Offer also cites defense counsel's purported failure to redact what she claims is HIPAA-protected information from certain EEOC submissions. However, because she did not properly raise this argument in her sanctions motion before the district court, we do not address it. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); Vintero Corp. v. Corporacion Venezolana de Fomento, 675 F.2d 513, 515 (2d Cir. 1982) ("A party who has not raised an issue below is precluded from raising it for the first time on appeal." (internal quotation marks omitted)).

For the foregoing reasons, and finding no merit in Offor's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK