Gross v Capital One, N.A. (2022 NY Slip Op 02396)

Gross v Capital One, N.A.

2022 NY Slip Op 02396

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2019-05676
 (Index No. 62889/13)

[*1]James A. Gross, appellant, 
v
Capital One, N.A., respondent.

Neil H. Greenberg & Associates, P.C., Massapequa, NY (Melanie J. Lazarus of counsel), for appellant.
Jackson Lewis, P.C., Melville, NY (Noel P. Tripp and Brittany A. Tarazona of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Labor Law § 191(1)(c), the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated March 19, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was employed as a relationship manager by the defendant beginning in May 2007. He received base compensation, and was entitled to receive commissions.
In June 2012, the plaintiff commenced an action against the defendant in federal court seeking unpaid overtime wages (hereinafter the federal action). In the complaint, the plaintiff alleged violations of the Fair Labor Standards Act (29 USC § 201 et seq.; hereinafter FLSA), Labor Law § 605 et seq., and 12 NYCRR 142-2.2. The plaintiff alleged that, although he regularly worked 70-75 hours per week, the defendant "misclassified [his] position as exempt from the overtime requirements" of the FLSA and the Labor Law, and thus "failed to pay [him] the full amount of wages to which he was entitled." In June 2013, the plaintiff accepted an offer of judgment resolving the federal action, and judgment was entered in favor of the plaintiff and against the defendant.
Several months after the federal action was settled, in September 2013, the plaintiff commenced this action against the defendant to recover damages for breach of contract, a violation of Labor Law § 191(1)(c), and unjust enrichment. The complaint alleged that under an oral agreement that the plaintiff and the defendant had entered into at the start of his employment, the defendant agreed to pay the plaintiff commissions for each car loan that he sold, the amount of which varied based on the type of loan and the number of loans that he sold. The complaint further alleged that in or about May 2009, the defendant unilaterally "changed the manner in which [the] plaintiff received commissions," did not "advise [the] plaintiff in writing how the commissions he was to receive would change and never verbally told [the] plaintiff the full extent of the commission changes." As a result, the complaint continued, the plaintiff had "earned commissions that ha[d] gone unpaid." Thus, the defendant had "breached" the oral agreement, had been unjustly enriched, [*2]and had violated Labor Law § 191(1)(c). The plaintiff also sought to recover liquidated damages, costs, and attorneys' fees pursuant to Labor Law § 198.
The defendant moved to dismiss the complaint pursuant to CPLR 3211(a)(1) as barred by documentary evidence, pursuant to CPLR 3211(a)(7) for failure to state a cause of action, and pursuant to CPLR 3211(a)(5) as barred by the doctrine of res judicata. In an order dated March 19, 2019, the Supreme Court granted the defendant's motion. Noting that there was no dispute that the plaintiff was an at-will employee, the court concluded that "the plaintiff ratified the actions of the defendant by remaining in the defendant's employ for a full three years before commencing [the federal action]." The court also determined that the action was barred by the doctrine of res judicata because the resolution of the federal action was an adjudication on the merits, and the causes of action asserted in this action were known to the plaintiff at the time of the federal action and therefore could have been raised and litigated against the defendant in that action. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(5), the court must "accept the facts as alleged in the complaint as true [and] accord the plaintiff the benefit of every possible favorable inference" (Faison v Lewis, 25 NY3d 220, 224 [alterations and internal quotation marks omitted]; see Perez v Baez, 185 AD3d 1062, 1063).
Under the circumstances of this case, we disagree with the Supreme Court's determination that this action was barred by the resolution of the federal action under Rule 68 of the Federal Rules of Civil Procedure (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349; Pesa v Dayan, 104 AD3d 662, 663; Cora v Ranjan, 98 AD3d 598, 599; see also Garcia v Scoppetta, 289 F Supp 2d 343, 352-353 [ED NY]).
Nevertheless, the Supreme Court properly determined that the complaint should be dismissed pursuant to CPLR 3211(a)(7) for failure to state a cause of action. On a motion to dismiss pursuant to CPLR 3211(a)(7), "the standard is whether the pleading states a cause of action" and, "[i]n considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d 1180, 1180-1181 [internal quotation marks omitted]).
As an initial matter, contrary to the defendant's contention, the plaintiff does challenge on appeal the Supreme Court's determination that the complaint failed to state a cause of action. Accepting as true the factual allegations set forth in the complaint, and according the plaintiff the benefit of every possible favorable inference to be drawn therefrom, the complaint, viewed in conjunction with the plaintiff's affidavit submitted in opposition to the defendant's motion (see Leon v Martinez, 84 NY2d 83, 88), failed to state a cause of action for breach of contract, unjust enrichment, or a violation of Labor Law § 191(1)(c).
The plaintiff acknowledged in the complaint that he was an at-will employee. Consequently, the defendant had the right to unilaterally alter the plaintiff's commissions prospectively, subject to the plaintiff's right to leave the employment if he found the new terms unacceptable (see Jennings v Huntington Crescent Club, 120 AD3d 1394, 1394; Minovici v Belkin BV, 109 AD3d 520, 523; Kronick v L.P. Thebault Co., Inc., 70 AD3d 648, 649; Gen. Elec. Tech. Servs. Co. v Clinton, 173 AD2d 86, 88). "By remaining in the defendant's employ under the new compensation terms, the plaintiff is deemed to have accepted them" (Kronick v L.P. Thebault Co., Inc., 70 AD3d at 649; see Shah v Wilco Sys., Inc., 27 AD3d 169, 174), regardless of the defendant's alleged failure to set forth the new compensation terms in writing and to obtain the plaintiff's signature on such a writing (see Gertler v Davidoff Hutcher & Citron LLP, 186 AD3d 801, 806-807; Kronick v L.P. Thebault Co., Inc., 70 AD3d at 649; Dwyer v Burlington Broadcasters, 295 AD2d 745, 746).
The parties' remaining contentions are academic in light of our determination.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court