Botbol v Frosch Intl. Travel Inc. (2023 NY Slip Op 06433)

Botbol v Frosch Intl. Travel Inc.

2023 NY Slip Op 06433

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Index No. 652006/20 Appeal No. 1210 Case No. 2023-03159 

[*1]Michel Botbol, Plaintiff-Respondent,
v
Frosch International Travel Inc. Now Known as Frosch International Travel, LLC, Defendant-Appellant, FT Global, LLC, et al., Defendants.

Davis Wright Tremaine LLP, New York (Michael V. Rella of counsel), for appellant.
Sarfaty & Associates, P.C., Wesley Hills (Jason Lowe of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered January 12, 2022, which, insofar as appealed from, denied defendants' motion to dismiss the causes of actions for breach of contract and breach of the implied covenant of good faith and fair dealing, unanimously affirmed, with costs.
Plaintiff's breach of contract claim was properly sustained. Although defendants furnished the employment agreement between plaintiff and defendant Frosch International Travel Inc. (Frosh), which provided that Frosch could terminate the agreement in August 2019, neither this agreement nor the pleadings, which allege only that plaintiff's pay was reduced in September 2019, conclusively establish that Frosch exercised that option (see Goshen v Mut. Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Nor do the agreement and pleadings conclusively establish that plaintiff needed to furnish a separation agreement and general release to receive severance benefits. Although such an agreement and release were required if plaintiff was terminated pursuant to the employment agreement's "without cause" provisions, defendants did not establish that plaintiff was terminated pursuant to those provisions, and other bases for termination did not require a separation agreement and release. Nor have defendants conclusively established that plaintiff waived his right to additional compensation by working for seven months under a reduced salary, as defendants' argument presumes that plaintiff was an at-will employee after the employment agreement was terminated in August 2019, which defendants have not established (see Kronick v L.P. Thebault Co., Inc., 70 AD3d 648, 649 [2d Dept 2010]).
By alleging that defendants did not notify plaintiff that he was terminated or mention severance or a separate agreement, plaintiff maintained that defendants prevented him from being aware of the basis of his termination. Thus, he was not aware of his need to furnish Frosch with a separation agreement, which constituted a contractual condition precedent for obtaining severance benefits pursuant to that basis. Defendants thus frustrated the occurrence of that condition (see Jeffers v American Univ. of Antigua, 169 AD3d 443, 445 [1st Dept 2019]). Although these allegations formed part of plaintiff's breach of contract claim, to the extent that the allegations, if true, may not have constituted a breach of contract, they are separate from that claim and in any event pleaded in the alternative. Thus, plaintiff's claim of breach of the covenant of good faith and fair dealing, which repeats these allegations, is not duplicative of his breach of contract claim (see AEA Middle Mkt. Debt Funding LLC v Marblegate Asset Mgt., LLC, 214 AD3d 111, 133 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023