Matter of Balyasny Asset Mgt. L.P. v Liu (2025 NY Slip Op 00822)

Matter of Balyasny Asset Mgt. L.P. v Liu

2025 NY Slip Op 00822

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Index No. 650689/24 Appeal No. 3688 Case No. 2024-03559 

[*1]In the Matter of Balyasny Asset Management L.P., etc., Petitioner-Respondent,
v
Caroline Liu, Respondent-Appellant.

DGW Kramer LLP, New York (Jacob Chen of counsel), for appellant.
Kelley Drye & Warren LLP, New York (Mark A. Konkel of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Melissa A. Crane, J.), entered on or about May 29, 2024, which granted the petition brought pursuant to CPLR article 75 for a permanent stay of an arbitration proceeding and denied respondent's cross-petition to set aside a separation agreement, unanimously affirmed, without costs.
Supreme Court properly granted the petition (CPLR 7503[b]). The release provision in the separation agreement is "clear and unambiguous on its face," encompassing all claims, "known or unknown," that respondent "had, has or may have," arising from her employment with petitioner, including the discrimination and related claims asserted in her arbitration demand (Skluth v United Merchants & Mfrs., 163 AD2d 104, 106 [1st Dept 1990]; see also Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]). The separation agreement was also "knowingly and voluntarily entered into" (Skluth, 163 AD2d at 106-107), as respondent admittedly signed the agreement without giving it more than a glance, even though she was given seven days to review it, consult an attorney, and negotiate material changes. Moreover, respondent's employment agreement provided for post-termination payments at petitioner's option, for which a release may be required; the separation agreement expressly advised respondent to consult an attorney; and sufficient consideration was provided in that petitioner offered to make over $29,000 in post-termination payments that were not guaranteed by the employment agreement and were not unpaid wages earned while respondent was employed (see Bormann v AT&T Communications, Inc., 875 F2d 399, 403 [2d Cir 1989], cert denied 493 US 924 [1989]; see also Mandavia v Columbia University, 2013 WL 2391695, *7, 2013 US Dist LEXIS 77576, *18 [SD NY, June 3, 2013, 12 Civ 2188 (JPO)], affd 556 F Appx 56 [2d Cir 2014]; Davis v Eastman Kodak Co., 2007 WL 952042, *11, 2007 US Dist LEXIS 23193, *38-39 [WD NY, Mar. 29, 2007, No. 04-CV-6098]). To that end, even the $4,640.16 paid after respondent signed the separation agreement, which were not earned wages, is sufficient consideration for respondent's release.
We do not find the separation agreement or its release provision unconscionable (see Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]; Gillman v Chase Manhattan Bank, 73 NY2d 1, 10 [1988]). Nothing in the record suggests overreaching or unfair circumstances to support a finding of procedural unconscionability (contra Paulino v Braun, 170 AD3d 506, 506 [1st Dept 2019]; Johnson v Lebanese Am. Univ., 84 AD3d 427, 431 [1st Dept 2011]). As for substantive unconscionability, respondent cites no authority for the proposition that requiring the return of a signing bonus in the event of resignation within a certain time after the commencement of an employment constitutes liquidated damages (compare Scott v Harris Interactive, Inc., 512 F Appx 25, 28 [2d Cir 2013]; Paysafe Partners LP v Merchant [*2]Payment Group LLC, 2019 WL 1986607, *3, 2019 US Dist LEXIS 75885, *5-6 [SD NY, May 6, 2019, 19 Civ 495 (LGS)]; Plank v Watson Bowman Acme Corp., 46 AD3d 1338, 1339 [4th Dept 2007]; Arthur Cab Leasing Corp. v Loup Hacking Corp., 39 Misc 3d 1219[A], *6 [Sup Ct, Kings County 2013], judgment entered 2014 WL 11515535 [Sup Ct, Kings County 2014], affd 137 AD3d 826 [2d Dept 2016] and 137 AD3d 828 [2d Dept 2016]). Similarly, a release of discrimination claims is not substantively unconscionable (see Skluth, 163 AD2d at 107).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025