■ JAMES N. CLEFFI, Appellant, v CRESCENT BEACH CLUB et al., Respondents. [636 NYS2d 102] —In an action, *inter alia*, to recover damages for breach of an employment contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated August 24, 1994, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action and, in effect, denied his cross motion to serve an amended complaint.

Ordered that the order is affirmed, with costs.

The plaintiff contends that his employer, the defendant Crescent Beach Club, unlawfully terminated his employment. We disagree.

An employment relationship is terminable at the will of either the employer or the employee unless the parties specifically agreed to provide for a restriction on either party's ability to terminate it. The plaintiff failed to establish that such a modification was agreed to by the defendants. Most significantly, the memorandum relied upon by the plaintiff does not provide that he was to be employed for any definite term (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293; *cf., Weiner v McGraw Hill, Inc.*, 57 NY2d 458). The mere fact that

the memorandum provided for periodic reviews of the plaintiff's performance does not, without more, alter the at-will employment relationship (*see, Sabetay v Sterling Drug*, 69 NY2d 329).

We also reject the plaintiff's contention that he sufficiently alleged a cause of action for fraud. Where, as here, an action to recover damages for fraud is premised upon a breach of contractual duties and the allegations supporting the action do not concern representations which are collateral or extraneous to the agreement, a cause of action for fraud will not stand, and the plaintiff is consigned to his breach of contract action. In any event, the plaintiff's allegations of fraud are merely conclusory in nature and fail to satisfy the requirements in CPLR 3016 (b) that the pleading specify the details constituting the wrong (*see, Sforza v Health Ins. Plan*, 210 AD2d 214).

The parties' remaining contentions are either without merit or academic in light of our determination. Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.