■ LYNN GEBHARDT, Respondent, v TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE, Appellant. [726 NYS2d 534] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted that part of plaintiff's cross motion for summary judgment on the breach of contract claim seeking commissions based on the sale of advertising time on cable television to the Fuccillo Auto Mall account in 1995. From March 1994 to August 1997 plaintiff was employed by defendant as an at-will employee. Plaintiff worked as a commissioned sales representative, selling advertising time on cable television and servicing advertisers' accounts. According to plaintiff's affidavit in support of the cross motion and the

parties' sales commissions agreement, there were only two instances in which a vested commission could be denied: if a client failed to pay, or if an advertisement was aired after the termination of a sales representative's employment. Neither exception is applicable to the 1995 Fuccillo account. When that deal was "booked," the commission rate was established at 13%, and defendant was not thereafter entitled to lower that rate after the 1995 deal was closed. Although plaintiff was an at-will employee, defendant nevertheless was entitled to change the terms of the employment agreement only prospectively, subject to plaintiff's right to leave the employment if the new terms were unacceptable (*see, Bottini v Lewis & Judge Co.,* 211 AD2d 1006, 1007-1008). Because plaintiff remained in defendant's employment after being informed that the commission rate was lowered, she is deemed to have agreed to prospective reduced commissions, which include the reduced Fuccillo commissions for 1996 (*see, Bottini v Lewis & Judge Co., supra,* at 1008).

The court also properly granted that part of plaintiff's cross motion seeking summary judgment on the Labor Law § 193 claim. The deduction of $375 per week from plaintiff's earned commissions was a violation of Labor Law § 193 (1) (*see, Edlitz v Nipkow & Kobelt,* 264 AD2d 437). Because plaintiff established that defendant willfully made the deduction, the court properly awarded plaintiff liquidated damages in addition to the attorney's fees to which she was entitled (*see,* Labor Law § 198 [1-a]; *Gottlieb v Laub & Co.,* 82 NY2d 457, 459, *rearg denied* 83 NY2d 801). We have considered defendant's remaining contention and conclude that it lacks merit. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.— Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.