JCS CONTROLS, INC., Respondent, v RICHARD STACEY, Appellant. (Appeal No. 2.) [870 NYS2d 679]—

Memorandum: Plaintiff commenced this action alleging that defendant, its former employee, was terminated from his employment based on unsatisfactory job performance and that he, inter alia, retained property belonging to plaintiff and used information obtained during his employment, to plaintiff's detriment. Plaintiff moved for, inter alia, summary judgment on

the fourth and fifth causes of action and, pursuant to its notice of appeal in appeal No. 1, plaintiff appeals from "the portion of the Order granting defendant . . . summary judgment on [those causes of action] and partial summary judgment on the First counterclaim." In the fourth cause of action plaintiff sought a determination that defendant is not an owner of plaintiff corporation and an injunction prohibiting defendant from "holding himself out to the public as such," and in the fifth cause of action plaintiff sought a determination that defendant is not entitled to further compensation for his services, despite the allegation of defendant that he is so entitled. In his sole counterclaim, defendant sought damages for breach of contract.

In its decision, Supreme Court noted that defendant sought summary judgment on his behalf in the absence of a cross motion and that, because those causes of action and the counterclaim were the subject of a motion by plaintiff that was before the court, the court may properly search the record and grant summary judgment to defendant with respect thereto (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). We affirm.

The record establishes that, pursuant to the employment agreement between the parties dated March 31, 1998, defendant would receive "an equity stake in [plaintiff w]orth not less than 5% which will be issued to [defendant] on the anniversary of [his] first completed year with [plaintiff]." The employment agreement also set forth a formula for fixing the amount of annual bonuses. Defendant worked for plaintiff in excess of one year and initially received bonuses in accordance with the formula set forth in the employment agreement, but he never received an equity stake. The record further establishes that plaintiff ceased paying bonuses to defendant before offering him new terms of employment by letter dated November 4, 2002.

We agree with the court that defendant was an at-will employee inasmuch as there was no agreement establishing a fixed duration of employment (*see Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410 [1995]; *Sabetay v Sterling Drug*, 69 NY2d 329, 333 [1987]). We further agree with the court, however, that the terms set forth in the March 1998 employment agreement, which was signed by plaintiff's president, are binding on plaintiff despite defendant's status as an at-will employee. The employer of an at-will employee is "entitled to change the terms of the employment agreement only prospectively, subject to [the employee's] right to leave the employment if the new terms [are] unacceptable" (*Gebhardt v Time Warner Entertainment-Advance/Newhouse*, 284 AD2d 978, 979 [2001]).

Here, the terms of the March 1998 employment agreement were set forth in a document that expressly states that it is "to act as a binding Employment Agreement." The record thus establishes that defendant sustained "injur[ies] separate and distinct from termination of [his] at-will employment" (*Smalley v Dreyfus Corp.*, 10 NY3d 55, 59 [2008], *rearg denied* 10 NY3d 852 [2008]), i.e., he never received an equity stake, nor was he paid all of the bonuses to which he was entitled, pursuant to the terms of the March 1998 employment agreement.

In appeal No. 2, defendant appeals from an order insofar as it granted plaintiff's motion concerning discovery and denied in part his cross motion seeking, inter alia, partial summary judgment dismissing the second and third causes of action. We conclude that the court properly denied those parts of defendant's cross motion with respect to the second and third causes of action. In those causes of action plaintiff alleges that defendant violated a confidentiality agreement and misappropriated plaintiff's proprietary information after leaving plaintiff's employment, but those parts of the cross motion are premature inasmuch as discovery, including the taking of defendant's deposition, has not been completed (*see generally Jasco Tools v Rogers*, 303 AD2d 944, 946 [2003]).

Defendant further contends that the court erred in granting those parts of plaintiff's motion seeking to depose an out-of-state, nonparty witness and seeking the appointment of plaintiff's attorney as commissioner to take the deposition. Although we conclude that the court did not abuse its discretion in permitting plaintiff to depose that nonparty witness (*see generally Pauzar v Children's Hosp. of Buffalo*, 167 AD2d 933 [1990]), we agree with defendant that the court erred in appointing plaintiff's attorney as commissioner to take the deposition. CPLR 3113 (a) expressly provides in relevant part that the deposition of an out-of-state person may not be taken before "an attorney . . . for a party," and we therefore modify the order in appeal No. 2 accordingly.

Finally, we conclude that the court properly denied that part of defendant's cross motion seeking to "clarify" a prior order from which no appeal was taken. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.