■ MARK MONHEIT, Appellant, v PETROCELLI ELECTRIC CO., INC., et al., Respondents, et al., Defendant. [900 NYS2d 412]—

In an action, inter alia, to recover damages for breach of an employment agreement, and for a judgment declaring, among other things, that the defendants interfered with the plaintiff's contractual relations, the plaintiff appeals from an order of the Supreme Court, Orange County (Alessandro, J.), dated January 21, 2009, which granted the motion of the defendant Raymond Melville, the separate motion of the defendants Allran Electric of New York, Inc., and Platinum Maintenance Services Corp., and the separate motion of the defendants Petrocelli Electric Co., Inc., Leonard A. Copicotto, and Nick Rozakis, for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment making appropriate declarations in accordance herewith.

The defendants Allran Electric of New York, Inc. (hereinafter

Allran), and Platinum Maintenance Services Corp. (hereinafter Platinum) made a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). They demonstrated that the plaintiff's oral agreement with Allran was an at-will employment agreement. New York adheres to the traditional common-law rule that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party (*see Horn v New York Times*, 100 NY2d 85, 90-91 [2003]; *Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410 [1995]; *Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1005 [2009]; *Trakis v Manhattanville Coll.*, 51 AD3d 778, 780 [2008]). Only two recognized exceptions to this rule exist, and neither is applicable herein (*see Horn v New York Times*, 100 NY2d at 96; *Wieder v Skala*, 80 NY2d 628, 638 [1992]). Here, Allran and Platinum submitted evidence demonstrating that the oral agreement contained no fixed duration. Their evidence further established that the plaintiff was denied a union transfer to the superintendent position at Allran because he was ineligible for that position. He also was denied a transfer to the alternative position as a project manager at Allran because of a union policy according priority to unemployed project managers holding union cards. At the time the plaintiff sought a transfer, there were 22 such unemployed project managers. In opposition to the prima facie showing of Allran and Platinum, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.

In addition, in his separate motion, the defendant Raymond Melville made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him, as did the defendants Petrocelli Electric Co., Inc., Leonard A. Copicotto, and Nick Rozakis, in their separate motion seeking the same relief. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those motions as well.

The plaintiff's remaining contentions either are without merit or do not require reversal.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment making appropriate declarations (*see Lanza v Wagner*, 11 NY2d 317, 329 [1962], *appeal dismissed* 371 US 74, [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Florio, Miller and Austin, JJ., concur.