CATALIN MINOVICI, Also Known as ALIN MINOVICI, et al., Appellants, v BELKIN BV et al., Respondents. [971 NYS2d 103]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated January 5, 2012, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the seventh cause of action, which was for a judgment declaring that the defendants breached their obligations under a certain employment contract with the plaintiff Catalin Minovici, also known as Alin Minovici, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the defendants did not breach their obligations under the subject employment contract.

The plaintiff Catalin Minovici, also known as Alin Minovici (hereinafter Catalin), entered into a written employment contract dated May 1, 2008, with the defendant Belkin, Ltd., pursuant to which he agreed to serve in its offices in the United Kingdom as the Information Systems (hereinafter IS) Director. One month later, and before work started, Catalin entered into a written employment contract dated June 10, 2008 (hereinafter the June 2008 employment contract), for the same position with the defendant Belkin BV, pursuant to which he agreed to serve in its offices in the Netherlands. Catalin, allegedly in reliance upon the June 2008 employment contract, as well as the defendants' representations, took certain steps necessary to relocate to the Netherlands, including the sale of his house in

Dutchess County. Prior to the start date of his employment, an agent of Belkin BV notified Catalin that his position was no longer available, and offered him a junior position at a lower salary.

Catalin and his wife, the plaintiff Laura Minovici (hereinafter together the plaintiffs), commenced this action alleging, inter alia, causes of action to recover damages for breach of contract (the first cause of action), and breach of the covenant of good faith and fair dealing (the fifth cause of action), as well as causes of action sounding in fraud and fraudulent inducement (the second, third, and fourth causes of action), and intentional infliction of emotional distress (the sixth cause of action). The plaintiffs also sought a judgment declaring that the defendants breached their obligations under the June 2008 employment contract (the seventh cause of action). The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court granted the defendants' motion.

The Supreme Court correctly granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action, which alleged breach of contract. On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851 [2012]; *Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1005 [2009]). Further, the court may consider any factual submissions made in opposition to a motion to dismiss a pleading in order to remedy pleading defects (*see Quinones v Schaap*, 91 AD3d 739, 740 [2012]; *Daub v Future Tech Enter., Inc.*, 65 AD3d at 1005). Nevertheless, "bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (*Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021-1022 [2007]; *see Daub v Future Tech Enter., Inc.*, 65 AD3d at 1005). Moreover, "[w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Rabos v R&R Bagels & Bakery,*

*Inc.*, 100 AD3d at 851-852; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]).

A motion to dismiss a complaint based on documentary evidence pursuant to CPLR 3211 (a) (1) may only be granted "where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d at 851).

"New York adheres to the traditional common-law rule that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Monheit v Petrocelli Elec. Co., Inc.*, 73 AD3d 714, 715 [2010]; *see Smalley v Dreyfus Corp.*, 10 NY3d 55, 58 [2008]; *Horn v New York Times*, 100 NY2d 85, 90-91 [2003]). In support of their motion to dismiss the complaint, the defendants submitted the June 2008 employment contract, setting forth the terms of the employment relationship. The June 2008 employment contract contained a merger clause reciting that the writing encompassed the entire agreement between the parties. Contrary to the plaintiffs' contention, the June 2008 employment contract did not provide for a fixed or definite term of employment, as it expressly provided that Catalin was to be employed "for an indefinite period of time." Moreover, the June 2008 employment contract provided that either party could, without notice, terminate the employment relationship with immediate effect during the first two months after its execution, and thereafter with certain notice. Further, the plaintiffs themselves alleged in the complaint that, pursuant to the June 2008 employment contract, Catalin's employment was "to continue without any specific date for termination." Thus, Catalin was presumptively an at-will employee (*see Rooney v Tyson*, 91 NY2d 685, 689 [1998]; *Rossetti v Aretakis*, 78 AD3d 1148, 1149 [2010]; *Devany v Brockway Dev., LLC*, 72 AD3d 1008, 1008-1009 [2010]). The plaintiffs failed to allege facts that would rebut the at-will presumption or limit Belkin BV's right to freely terminate Catalin's employment.

Contrary to the plaintiffs' contention, Belkin BV's offer to pay Catalin a housing allowance for a maximum of two years did not create a fixed term of employment or rebut the presumption of at-will employment. This offer was incidental to Catalin's employment and did not, in any way, bind the parties to a two-year term of employment (*see Chase v United Hosp.*, 60 AD2d 558, 559 [1977]; *Johnson v Cheney Bros.*, 277 App Div 656, 658-659 [1951]; *see also Cartwright v Golub Corp.*, 51 AD2d 407, 409 [1976]).

The plaintiffs contend that the earlier contract, dated May 1, 2008, pursuant to which Catalin agreed to serve as IS Director in the United Kingdom, altered the terms of employment as set forth in the subsequent June 2008 employment contract. However, the contract dated May 1, 2008, was superseded by the June 2008 employment contract, since it covered the same subject matter (*see Northville Indus. Corp. v Fort Neck Oil Terms. Corp.*, 100 AD2d 865, 867 [1984], *affd* 64 NY2d 930 [1985]; *Medtech Prods. Inc. v Ranir, LLC*, 596 F Supp 2d 778, 809-810 [SD NY 2008]). Furthermore, the complaint's allegations as to Catalin's conduct, which included preparations taken to move to the Netherlands, demonstrated an abandonment of the contract dated May 1, 2008 (*see Jones v Trice*, 202 AD2d 394, 395 [1994]).

Contrary to the plaintiffs' contention, Belkin BV's offer to Catalin of a junior-ranking position at a lower salary did not constitute a breach of the June 2008 employment contract. When there is an at-will employment relationship, the employer may unilaterally alter the terms of employment, and the employee may end the employment if the new terms are unacceptable (*see Hanlon v Macfadden Publs.*, 302 NY 502, 505 [1951]; *Kronick v L.P. Thebault Co., Inc.*, 70 AD3d 648, 649 [2010]; *JCS Controls, Inc. v Stacey*, 57 AD3d 1372, 1373-1374 [2008]).

Furthermore, since Catalin was an employee at-will, the fifth cause of action, which alleged that the defendants violated the covenant of good faith and fair dealing implied into the employment contract, provides no basis for recovery, and the Supreme Court properly granted those branches of the defendants' motion which were to dismiss that cause of action pursuant to CPLR 3211 (a) (1) and (7) (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304-305 [1983]; *DiLacio v New York City Dist. Council of United Bhd. of Carpenters & Joiners of Am.*, 80 AD3d 553, 554 [2011]; *McGimpsey v J. Robert Folchetti & Assoc., LLC*, 19 AD3d 658, 659 [2005]; *Riccardi v Cunningham*, 291 AD2d 547, 548 [2002]).

The Supreme Court correctly granted those branches of the defendants' motion which were to dismiss the second, third, and fourth causes of action, which sounded in fraud and fraudulent inducement, as they were duplicative of the breach of contract cause of action (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Arias v Women in Need*, 274 AD2d 353 [2000]; *Tannehill v Paul Stuart, Inc.*, 226 AD2d 117, 118 [1996]; *Cleffi v Crescent Beach Club*, 222 AD2d 642, 643 [1995]; *Clark v Helmsley Windsor Hotel*, 214 AD2d 365 [1995]; *Nagle v Shearson Lehman Bros.*, 190 AD2d 568, 569 [1993]).

In addition, the Supreme Court correctly granted that branch of the defendants' motion which was to dismiss the sixth cause of action, which sounded in intentional infliction of emotional distress. The act of terminating an at-will employment relationship "may not form the basis of an intentional infliction of emotional distress cause of action in circumvention of the at-will employment rule in New York" (*Fama v American Intl. Group*, 306 AD2d 310, 311-312 [2003]; *see Murphy v American Home Prods. Corp.*, 58 NY2d at 303; *Peterec-Tolino v Harap*, 68 AD3d 1083, 1084 [2009]; *Abeles v Mellon Bank Corp.*, 298 AD2d 106 [2002]).

However, the Supreme Court improperly granted that branch of the defendants' motion which was to dismiss the seventh cause of action, which sought a declaratory judgment. " 'A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration' " (*Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2011], quoting *Staver Co. v Skrobisch*, 144 AD2d 449, 450 [1988]). "Thus, 'where a cause of action is sufficient to invoke the court's power to render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause of action should be denied' " (*DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d 725, 728 [2013], quoting *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150). A court may reach "the merits of a properly pleaded cause of action for a declaratory judgment upon a motion to dismiss for failure to state a cause of action where 'no questions of fact are presented [by the controversy]' " (*Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150, quoting *Hoffman v City of Syracuse*, 2 NY2d 484, 487 [1957]). Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action "should be taken as a motion for a declaration in the defendant's favor and treated accordingly" (Siegel, NY Prac § 440 [5th ed]; *see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150). Here, since there were no factual issues concerning the parties' rights under the June 2008 employment contract, the Supreme Court should have denied those branches of the motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the seventh cause of action, and instead entered a judgment declaring that the defendants did not breach their obligations under the June 2008 employment contract.

Contrary to the plaintiffs' contention, the Supreme Court properly applied New York law when determining the defendants' motion, as the plaintiffs failed to plead the substance of the foreign law to be applied, and their opposition papers failed to provide sufficient information concerning the foreign law at issue (*see* CPLR 3016 [e]; 4511 [b]; *Ponnambalam v Sivaprakasapillai*, 35 AD3d 571, 574 [2006]; *Bank of N.Y. v Norilsk Nickel*, 14 AD3d 140, 148-149 [2004]). To the extent that the plaintiffs have attempted to rectify this failure for the first time on appeal, their contentions are not properly before this Court (*see Ponnambalam v Sivaprakasapillai*, 35 AD3d at 574).

The plaintiffs' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the defendants did not breach their obligations under the June 2008 employment contract (*see Lanza v Wagner*, 11 NY2d at 334). Balkin, J.P., Hall, Lott and Miller, JJ., concur. **[Prior Case History: 34 Misc 3d 1205(A), 2012 NY Slip Op 50001(U).]**