██ WILLIAM JENNINGS, Appellant, v HUNTINGTON CRESCENT CLUB et al., Respondents. [993 NYS2d 139]—

In an action, inter alia, pursuant to Labor Law § 193 to recover wages wrongfully withheld, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Leis III, J.), dated March 13, 2013, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second, fourth, and fifth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contends that the Supreme Court erred in granting those branches of the defendants' motion which were to dismiss the causes of action to recover unpaid wages related to bonuses, annual raises, and security services allegedly provided by the plaintiff. Accepting as true the factual allegations set forth in the complaint in support of those causes of action, and according to the plaintiff the benefit of every possible favorable inference to be drawn therefrom (*see Minovici v Belkin BV*, 109 AD3d 520, 521 [2013]), it cannot be reasonably inferred that the defendants withheld wages to which the plaintiff was entitled. The allegations, taken as true, would establish that the plaintiff was an at-will employee (*see Horn v New York Times*, 100 NY2d 85, 90-91 [2003]). "When there is an at-will employment relationship, the employer may unilaterally alter the terms of employment, and the employee may end the employment if the new terms are unacceptable" (*Minovici v Belkin BV*, 109 AD3d at 523). Here, the plaintiff's allegations reflect that he ratified the actions of which he now complains by choosing to remain in the defendants' employ (*see Kronick v L.P. Thebault Co., Inc.*, 70 AD3d 648, 648-649 [2010]). Therefore, the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the causes of action to recover unpaid wages related to bonuses, annual raises, and security services allegedly provided by the plaintiff. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.