18-3246
*Vanacore v. Expedite Video Conferencing*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty.

PRESENT:
        DENNIS JACOBS,
        SUSAN L. CARNEY,
        MICHAEL H. PARK,
            *Circuit Judges.*

———————————————————————————

STEPHEN VANACORE,

        *Plaintiff-Counter-Defendant-Appellee,*

        v.                                 No. 18-3246

EXPEDITE VIDEO CONFERENCING SERVICES, INC.,
LARRY ROHER,

        *Defendants-Counter-Claimants-Appellants.*

———————————————————————————

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLEE:        JASON LOUIS ABELOVE, Esq., Garden
                                City, NY.

FOR DEFENDANTS-COUNTER-
CLAIMANTS-APPELLANTS:                    PAUL R. WILLIAMS, Schupbach Williams
                                         & Pavone LLP, Garden City, NY.

Appeal from the judgment and order of the United States District Court for the Eastern District of New York (Brown, *M.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 1, 2018, and order entered on January 3, 2019, are **AFFIRMED**.

Defendants-Counter-Claimants-Appellants Expedite Video Conferencing Services, Inc. and Larry Roher (together, "Expedite") appeal from the judgment of the District Court (Brown, *M.J.*) in favor of Plaintiff-Counter-Defendant-Appellee Stephen Vanacore ("Vanacore") entered after a bench trial in this diversity action. Expedite also appeals the court's subsequent order directing it to pay Vanacore's attorney's fees.

Vanacore worked for Expedite as a sales representative from the early 2000s to 2014. In September 2009, Expedite adopted a new commission plan (the "Plan") to improve its incentives for sales representatives. The Plan included the following provision: "Management reserves the right to charge back any returns, unbilled shipping charges, and any other expenses that have not been accounted for." App'x 305. Vanacore and Expedite do not dispute that Expedite adopted the Plan as a company policy and that the Plan became a term of Vanacore's employment.

Vanacore and Expedite disagree, however, about whether, in order to implement its reserved right under the Plan to deduct "unbilled shipping charges," Expedite adopted a policy of deducting a flat 2% of sales price from all "gross margins," the basis for calculating sales commissions (the "flat 2% deduction"). App'x 305. Expedite asserts that in 2009 it unambiguously put in place the flat 2% deduction, a policy that it favored because the flat rate eliminated the administrative work of tracking actual shipping charges for each sale. The parties agree that every commission report delivered by Expedite to Vanacore after June 2010 showed the flat 2% deduction and calculated his payable commissions accordingly.

2

Vanacore counters that he continued discussions with Expedite representatives during the period after the Plan was circulated through his termination in 2014 regarding whether a flat 2% deduction would apply to his commission calculations. He argues that these discussions preserved his objection to the practice and that, under New York law (whose application no one disputes), they prevented the unilaterally-imposed flat 2% deduction from becoming a term of his employment.

The District Court agreed with Vanacore. It therefore awarded him damages in the amount of $92,930 for unpaid commissions, which it then doubled under New York Labor Law § 198(1-a).[1] Under the same provision of New York law, the District Court also awarded Vanacore $92,126 in attorney's fees. Expedite timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgment and order.

On appeal, Expedite argues that the flat 2% deduction policy was clear and that Vanacore accepted the policy by continuing to work for Expedite after the policy took effect. They urge that, under New York common law, an at-will employee such as Vanacore assents to the employer's modification in the terms of his or her employment by continuing to work after the modification takes effect: in essence, that courts will have deemed there to have been a meeting of the minds in that circumstance. *See Gebhardt v. Time Warner Entm't-Advance/Newhouse*, 726 N.Y.S.2d 534, 535 (4th Dept. 2001) ("[Employer] nevertheless was entitled to change the terms of the employment agreement only prospectively, subject to plaintiff's right to leave the employment if the new terms were unacceptable." (citation omitted)); *Bottini v. Lewis & Judge Co.*, 621 N.Y.S.2d 753, 754 (3d Dep't 1995) (same); *Gen. Elec. Tech. Servs. Co. v. Clinton*, 577 N.Y.S.2d 719, 720-21 (3d Dep't 1991) (same). After the bench trial, however, the District Court found that the "2% deduction was continually under discussion and reconsideration between the parties." App'x 13. Because Expedite made no

---

[1] The District Court also ordered Expedite to pay Vanacore $6,923 for unpaid salary (an amount the Court then doubled under New York Labor Law § 198(1-a)). Expedite does not dispute this component of the judgment.

3

clear modification to the Plan, the District Court reasoned, Vanacore could not be said to be said to have accepted the modification simply by continuing to work for Expedite.

"In evaluating a challenge to a judgment entered after a bench trial, we review the district court's findings of fact for clear error and its legal conclusions *de novo*." *Zalaski v. City of Hartford*, 723 F.3d 382, 388 (2d Cir. 2013). Whether Expedite and Vanacore formed an agreement as to the flat 2% deduction presents a question of fact. *See, e.g.*, *Lassiter Props., Inc. v. State*, 923 N.Y.S.2d 742, 744 (3d Dep't 2011) (holding, consistent with other New York courts, that "whether there was a 'meeting of the minds' required for formation of . . . an enforceable agreement is generally a question of fact" (citation omitted)).

We find no clear error in the District Court's determination. The Plan does not specify a flat 2% deduction; it specifies a deduction for "unbilled shipping charges." App'x 305. Expedite President Larry Roher admitted at trial that the Plan was never officially amended to provide for the flat 2% deduction. The record does not include a clear statement by any person in authority at Expedite to Vanacore that Vanacore must accept the flat 2% deduction as a condition of his employment. Rather, the record shows continued discussions between the parties in the period after the Plan's adoption. In 2010, Vanacore and an Expedite accountant communicated about how the Plan's shipping term should be implemented, resulting in no clear resolution. In 2012, Vanacore complained to Jon Genna, an Expedite executive, that many of his sales already included shipping charges in the amount billed or were for service sales, which did not require shipping. Genna responded, "I do recall your point especially as it relates to service an[d] believe Larry [Roher] said we could discuss the difference once all the numbers were in line and if need be work out something." App'x 333. It is true that Vanacore's commission reports in this period imposed the flat 2% deduction, but nothing precluded an adjustment to bring them into alignment with a future resolution. Accordingly, based on this record, we cannot say that the District Court clearly erred in determining that Expedite never adequately modified the terms of Vanacore's employment such that his continued work there constituted acceptance of that modification.

4

Expedite further argues that the District Court erred in calculating damages by including the commissions on a $417,000 sale made by Vanacore to Johns Hopkins and by relying on delivery records, rather than accounting records, to validate sales and their timing. We review the damages calculations for clear error. *Rana v. Islam*, 887 F.3d 118, 121 (2d Cir. 2018). The record does not convincingly show that the District Court was not justified in calculating the damages as it did.

\* \* \*

We have considered all of Expedite's remaining arguments and conclude that they are without merit. The District Court's judgment and order are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court