Gertler v Davidoff Hutcher & Citron LLP (2020 NY Slip Op 04731)





Gertler v Davidoff Hutcher & Citron LLP


2020 NY Slip Op 04731


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-01712
 (Index No. 605315/14)

[*1]Richard G. Gertler, appellant-respondent,
v
Davidoff Hutcher & Citron LLP, respondent-appellant.


Law Offices of Harold J. Levy, P.C., Glen Cove, NY, for appellant-respondent.
Davidoff Hutcher & Citron LLP, New York, NY (Mark E. Spund and Edward D. Baker of counsel), respondent-appellant pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and violation of Labor Law § 193, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered January 26, 2017. The order, insofar as appealed from, (1) denied that branch of the plaintiff's motion which was for summary judgment on so much of the first cause of action as sought to recover severance wages in the sum of $88,333.33, plus statutory interest from the dates that all missed payments became due and owing, (2), in effect, denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action, (3) denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaims, and (4) granted that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action. The order, insofar as cross-appealed from, (1) denied that branch of the defendant's cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover unpaid wages for the period from May 1, through October 3, 2014, in the sum of $57,416.65, and (2) granted that branch of the plaintiff's motion which was for summary judgment on that portion of the first cause of action.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof (a) granting that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action, (b), in effect, denying that branch of the plaintiff's motion which was for summary judgment on the second cause of action, and (c) granting that branch of the plaintiff's motion which was for summary judgment on so much of the first cause of action as sought to recover unpaid wages for the period from May 1 through October 3, 2014, in the sum of $57,416.65, plus statutory interest from October 3, 2014, only, and substituting therefor provisions (a) granting those branches of the plaintiff's motion which were for summary judgment on so much of the first and second causes of action as sought to recover unpaid wages for the period from May 1 through July 15, 2014, in the sum of $27,604.18, plus statutory prejudgment interest on those unpaid wages from the date each payment became due, and reasonable attorney's fees under Labor Law § 198(1-a), (b) denying those branches of the plaintiff's motion which were for summary judgment on so much of the first and second causes of action as sought to recover unpaid wages for the period from July 16 through October 3, 2014, plus statutory interest thereon, and reasonable [*2]attorney's fees under Labor Law § 198(1-a), and (c) granting those branches of the defendant's cross motion which were for summary judgment dismissing so much of the first and second causes of action as sought to recover unpaid wages for the period from July 16 through October 3, 2014, plus statutory interest thereon, and reasonable attorney's fees under Labor Law § 198(1-a), (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on so much of the first cause of action as sought to recover severance wages in the sum of $88,333.33, plus statutory interest thereon from the dates that all missed payments became due and owing, and substituting therefor a provision granting those branches of the plaintiff's motion which were for summary judgment on so much of the first and second causes of action as sought to recover severance wages in the sum of $44,166.67, plus statutory interest from October 3, 2014, and reasonable attorney's fees under Labor Law § 198(1-a), and (3) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaims, and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
The plaintiff commenced this action against the defendant, Davidoff Hutcher & Citron LLP, his former employer, alleging breach of contract and violation of Labor Law §§ 190 through 198, concerning payment of salary and severance pay in connection with a written employment agreement dated November 14, 2013 (hereinafter the written agreement), between the parties. According to the plaintiff, the written agreement provided that the plaintiff was hired at a fixed annual rate of compensation of $265,000 as a nonequity partner (hereinafter the stated salary). The written agreement included a provision that if the plaintiff's qualifying revenues, as defined therein, fell below $800,000 for any calendar year, the plaintiff's annual compensation may be reduced by the defendant. The written agreement also provided, inter alia, that should the plaintiff's employment be terminated for any reason other than malfeasance or gross negligence, he would be entitled to a minimum of 4 months' notice during the first 12 months the written agreement was in effect. The plaintiff alleged that, commencing with the payroll period ending May 13, 2014, the defendant failed to pay him the stated salary. Thereafter, in mid-July 2014, the defendant informed the plaintiff that it would begin paying him the prorated portion of one half of the stated salary ($132,500) (hereinafter the reduced salary), began to do so at that time, and also paid the plaintiff back pay at a prorated portion of the reduced salary for the period from May 1 through July 15, 2014. The plaintiff continued to work for the defendant at the reduced salary until his employment was terminated by the defendant on October 3, 2014. On that date, the defendant informed the plaintiff that his employment was terminated immediately and that it was "on grounds of malfeasance and/or gross negligence." No other explanation for the termination was provided by the defendant.
Thereafter, the plaintiff commenced this action alleging, in the first cause of action, that the defendant breached the written agreement by reducing the stated salary by one half between May and October 3, 2014, causing him to lose $57,416.65 in earned salary. The plaintiff also contended, inter alia, that the defendant owed him four months' severance wages totaling $88,333.33 because the defendant failed to provide the four months' notice required by the written agreement when his employment was terminated on October 3, 2014, and that the defendant's contentions of malfeasance and gross negligence were without basis. In the second cause of action, the plaintiff alleged that, pursuant to New York Labor Law §§ 190 through 198, he was entitled to interest accruing from the first day of each nonpayment of his wages as they became due, including on severance wages, and reasonable attorneys' fees.
The defendant interposed an answer to the amended complaint and asserted counterclaims alleging the faithless servant doctrine; breach of fiduciary duty; breach of the implied covenant of good faith, loyalty, and fair dealing; and breach of contract. The plaintiff moved for summary judgment on the amended complaint and dismissing the defendant's counterclaims. The defendant opposed the motion and cross-moved for summary judgment dismissing the amended complaint and for summary judgment on its counterclaims.
In an order entered January 26, 2017 (hereinafter the January 2017 order), the [*3]Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on so much of the first cause of action as sought to recover unpaid wages for the period from May 1 through October 3, 2014, in the sum of $57,416.65, representing an amount equal to the prorated portion of the stated salary that had been withheld by the defendant for that period, and awarded the plaintiff statutory interest on that amount from October 3, 2014, only. The court also determined that, at this juncture, the plaintiff was not entitled to recover severance wages. The court granted that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action, which alleged violations of Labor Law §§ 190 through 198 relating to the payment of prejudgment interest and reasonable attorney's fees on unpaid wages and severance. The plaintiff appeals, and the defendant cross-appeals, from stated portions of the January 2017 order.
The Supreme Court should have awarded summary judgment to the plaintiff on so much of the first cause of action as sought to recover unpaid wages only for the period from May 1 through July 15, 2014, and should have granted that branch of the defendant's cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover unpaid wages for the period from July 16 to October 3, 2014. The court also should have awarded prejudgment interest to the plaintiff on unpaid wages for the period from May 1 through July 15, 2014, as of the dates those wages became due. In addition, contrary to the court's determination, the plaintiff demonstrated that he was entitled to summary judgment (1) on so much of the first and second causes of action as sought to recover severance wages in an amount equal to four months of a prorated annual salary of the reduced salary, as well as prejudgment interest on the severance wages from October 3, 2014, and reasonable attorney's fees under Labor Law § 198(1-a), and (2) dismissing the defendant's counterclaims.
"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (Canzona v Atanasio, 118 AD3d 837, 838, quoting Dee v Rakower, 112 AD3d 204, 208-209). A written agreement that is complete, clear, and unambiguous on its face must be enforced to give effect to the meaning of its terms and the reasonable expectations of the parties (see South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277; Belle Harbor Wash. Hotel, Inc. v Jefferson Omega Corp., 17 AD3d 612, 612). Here, the parties agreed pursuant to the written agreement that the plaintiff was entitled to the stated salary for the first year, which is the year at issue. Notwithstanding, it is undisputed that the plaintiff was an at-will employee (see Horn v New York Times, 100 NY2d 85, 90-91), and the defendant was entitled to unilaterally alter the terms of employment, prospectively only, and the plaintiff could have ended the employment if the new terms were unacceptable (see Jennings v Huntington Crescent Club, 120 AD3d 1394, 1394; Minovici v Belkin BV, 109 AD3d 520, 522). Thus, the plaintiff was entitled to receive the stated salary until the defendant unilaterally changed that term regarding his salary on July 16, 2014, going forward, by reducing the stated salary.
Thus, contrary to the Supreme Court's determination, based upon the plaintiff's submission of the written agreement, the defendant's payment ledger, and transcripts of the deposition testimony of the defendant's representatives, the plaintiff established his prima facie entitlement to judgment as a matter of law, but only as to so much of the first cause of action as sought to recover unpaid wages for the period from May 1 through July 15, 2014. In opposition, the defendant failed to raise a triable issue of fact with respect to the plaintiff's unpaid wages for that time period. Although the defendant submitted evidence that it issued a check on July 16, 2014, in an amount equal to the prorated portion of the reduced salary for the period from May 1 through July 15, 2014, such evidence does not raise a triable issue of fact as to the unpaid wages for that time period since the defendant was only entitled to unilaterally alter the terms of the employment agreement prospectively (see JCS Controls, Inc. v Stacey, 57 AD3d 1372, 1373; Gebhardt v Time Warner Entertainment-Advance/Newhouse, 284 AD2d 978, 979). Thus, prior to July 16, 2014, the plaintiff was entitled to wages equaling the prorated portion of the stated salary as set forth in the written agreement. The plaintiff does not dispute that the defendant already paid him one half of the amount he was owed during that May 1 through July 15, 2014, time period. Accordingly, we modify the order to award the plaintiff the sum of $27,604.18, representing the amount equal to the unpaid [*4]prorated portion of the stated salary for the period from May 1 through July 15, 2014.
However, the defendant submitted evidence that, as of July 16, 2014, it notified the plaintiff that it, in effect, unilaterally changed the salary provision of the written agreement by reducing the stated salary by one half and compensating the plaintiff, going forward, with wages equal to the prorated portion of the reduced salary. The defendant also demonstrated that the plaintiff ratified the reduced salary agreement by his continued employment (see Jennings v Huntington Crescent Club, 120 AD3d at 1394; Kronick v L.P. Thebault Co., Inc., 70 AD3d 648, 649). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover unpaid wages for the period from July 15 through October 3, 2014, and denied that branch of the plaintiff's motion which was for summary judgment on that portion of the first cause of action.
The Supreme Court also should have awarded the plaintiff summary judgment on so much of the first cause of action as sought to recover severance wages in an amount equal to four months of the salary he was earning at the time that his employment was terminated, to wit, the prorated portion of the reduced salary (see generally Minovici v Belkin BV, 109 AD3d at 523). The plaintiff established, prima facie, that the defendant breached the term of the written agreement which entitled him, upon termination, to four months' notice, through his submission of the written agreement, an October 3, 2014, termination of employment email from the defendant, and the transcripts of the deposition testimony of the defendant's representatives. Although the defendant claimed that the plaintiff's alleged "malfeasance and/or gross negligence" was the basis for the termination of his employment, the termination email sent by the defendant's representative and the deposition testimony of the defendant's representatives demonstrated as a matter of law that the plaintiff's conduct complained of by the defendant did not rise to the level of either malfeasance—the unjust performance of some act which the party had no right, or which the party had contracted not to do (see Stokes v Stokes, 23 App Div 552, 557)—or gross negligence—" intentional wrongdoing or evinc[ing] a reckless indifference to the rights of others'" (J. Petrocelli Contr., Inc. v Morganti Group, Inc., 137 AD3d 1082, 1083, quoting Ryan v IM Kapco, Inc., 88 AD3d 682, 683 [internal quotation marks and brackets omitted]). The defendant's representatives admitted that the plaintiff never attempted to steal clients from the defendant, never worked for any other firm while working for the defendant, never diverted any of the defendant's clients or funds to another firm, never stole any money from the defendant, never falsified any documents, and never accepted any kickbacks or bribes. In opposition, the defendant failed to raise a triable issue of fact. Although the plaintiff sought severance in an amount equal to four months of the prorated stated salary, since his salary at the time of termination in October was the reduced salary, he is entitled to recover severance wages in an amount equal to four months of the prorated portion of the reduced salary, or $44,166.67 (see generally Minovici v Belkin BV, 109 AD3d at 523).
The Supreme Court also should have granted that branch of the plaintiff's motion which was for summary judgment on so much of the second cause of action as sought statutory prejudgment interest on the prorated portion of the unpaid wages which was owed to him for the period from May 1 through July 15, 2014 ($27,604.18), and on the four months of severance wages ($44,166.67). Pursuant to CPLR 5001 et seq., the plaintiff is entitled to such statutory prejudgment interest based on the defendant's breaches of the written agreement. Moreover, contrary to the defendant's contention, the plaintiff's unpaid wages for the period from May 1 through July 15, 2014, and the severance wages fall within the definition of wages as set forth in Labor Law § 190(1) (see Ryan v Kellogg Partners Inst. Serv., 19 NY3d 1, 16; Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d 794, 795). Therefore, such wages are protected by the provisions set forth in Labor Law § 193 and fall within the ambit of remedies provided by Labor Law § 198 (see Ryan v Kellogg Partners Institutional Service, 19 NY3d at 16; Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d at 795), which, inter alia, mandates that prejudgment interest shall be awarded pursuant to CPLR 5001. Thus, the plaintiff is entitled to prejudgment interest on those wages that he did not receive for the period from May 1 through July 15, 2014, as of the date that each payment became due during that time period (see Labor Law § 198[1-a]; see also Spodek v Park Prop. Dev. Assoc., 96 NY2d 577, 580). The plaintiff is also entitled to prejudgment interest on the $44,166.67, [*5]which represents the prorated amount of the reduced salary to which the plaintiff was entitled for the four-month notice period, and that interest should be calculated from October 3, 2014, the earliest date that cause of action accrued (see Labor Law § 198[1-a]; CPLR 5001[b]).
However, we agree with the Supreme Court's determination, in effect, denying that branch of the plaintiff's motion which was for summary judgment on so much of the second cause of action as sought prejudgment interest on unpaid wages for the period from July 16 through October 3, 2014, and granting that branch of the defendant's cross motion which was for summary judgment dismissing that portion of the second cause of action. As of that July 16th date, the plaintiff was only entitled to and was paid the prorated portion of the reduced salary in accordance with the altered salary term of the written agreement (see generally Gebhardt v Time Warner Entertainment-Advance/Newhouse, 284 AD2d at 979). Since the plaintiff did not show that he was entitled to any unpaid wages for the period from July 16 through October 3, 2014, he did not establish that he had any unpaid wages on which he was entitled to prejudgment interest for that time period.
Contrary to the Supreme Court's determination, for the same reasons that the plaintiff is entitled to prejudgment interest, the plaintiff also established his entitlement to judgment as a matter law on so much of the second cause of action as sought an award of reasonable attorney's fees under Labor Law § 198(1-a) (see Ryan v Kellogg Partners Inst. Serv., 19 NY3d at 16). In opposition, the defendant failed to raise a triable issue of fact. Thus, we remit the matter to the Supreme Court, Nassau County, for further proceedings to determine the amount of the award of prejudgment interest and reasonable attorney's fees consistent with our determination herein.
Finally, the plaintiff established his prima facie entitlement to judgment as a matter of law dismissing the defendant's counterclaims. The plaintiff's submissions, including the transcripts of the deposition testimony of the defendant's representatives, the written agreement, the amended complaint, and the answer, demonstrate the absence of any triable issues of fact tending to show that the plaintiff was disloyal to the defendant (see generally William Floyd Union Free School Dist. v Wright, 61 AD3d 856, 859; Soam Corp v Trane Co., 202 AD2d 162, 163-164), breached any fiduciary duty (see Baldeo v Majeed, 150 AD3d 942, 946; Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659, 661), acted in bad faith, engaged in unfair dealing (see Burnett Process v Richlar Indus., 55 AD2d 812, 813), or breached the written agreement. In opposition, the defendant's allegations that the plaintiff failed to follow the defendant's policies and practices or to live up to the defendant's revenue-generating expectations did not raise a triable issue of fact as to its counterclaims. Moreover, contrary to the defendant's contention, absent an agreement with the plaintiff requiring him to repay salary paid to him prior to any alleged breach of the written agreement, the defendant's allegation that the plaintiff should repay his salary because he breached the written agreement is insufficient to raise a triable issue of fact for breach of contract damages (see Kleinfeld v Roburn Agencies, Inc., 270 App Div 509, 511). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaims.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court