Meraki NYC, LLC v Iervasi (2023 NY Slip Op 06038)

Meraki NYC, LLC v Iervasi

2023 NY Slip Op 06038

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2020-05958
 (Index No. 152304/17)

[*1]Meraki NYC, LLC, appellant,
v
Ashley Iervasi, et al., respondents.

Crawford & DeSantis, LLP, Staten Island, NY (Allyn J. Crawford, Joseph Dimitrov, and Kerri L. Bringslid of counsel), for appellant.
Anthony J. Forzano, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated July 31, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability against the defendants Ashley Iervasi, Kristen Boyles, Jessica Gerardo, Michael Gatto, Amanda Cirami, and Nicole Durval, and granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, a salon owner, commenced this action against the defendants Ashley Iervasi, Kristen Boyles, Jessica Gerardo, Michael Gatto, Amanda Cirami, and Nicole Durval, former employees of the salon (hereinafter collectively the former employees), and against the defendant Ashley Nicole Salon LLC, to recover damages, inter alia, for breach of contract. According to the plaintiff, the former employees were bound by contracts that they entered into while employed by a prior owner of the plaintiff's salon, Gemmette Hair Studio Inc. (hereinafter Gemmette). The plaintiff further alleged that, by leaving its employ and going to work for the defendant Ashley Nicole Salon, LLC, the former employees violated non-compete clauses contained in those contracts.
The plaintiff moved for summary judgment on the issue of liability against the former employees, and the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendants' motion. The plaintiff appeals.
Where, as here, employment contracts do not establish a fixed duration, the "employment relationship is presumed to be a hiring at will, terminable at any time by either party" (Monheit v Petrocelli Elec. Co., Inc., 73 AD3d 714, 715; see Smalley v Dreyfus Corp., 10 NY3d 55, 58). When there is an at-will employment relationship, "the employer may unilaterally alter the terms of employment, and the employee may end the employment if the new terms are unacceptable" (Jennings v Huntington Crescent Club, 120 AD3d 1394, 1394 [internal quotation marks omitted]; see Ellison v Chartis Claims, Inc., 178 AD3d 665, 670; Minovici v Belkin BV, 109 AD3d 520, 523).
Here, after purchasing the salon from Gemmette, the plaintiff told the former [*2]employees that they must sign new contracts, changing the terms of their employment, if they wished to continue their employment at the salon. The former employees refused to sign the new contract and left the plaintiff's employ. Under these circumstances, the contracts signed by the former employees while working for Gemmette terminated and no new contract was created. Thus, the defendants established, prima facie, that, at all relevant times, there were no valid contracts between the plaintiff and the former employees. In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Inasmuch as there were no valid contracts between the plaintiff and former employees, the defendants also established, prima facie, that the defendant Ashley Nicole Salon, LLC did not tortiously interfere with any contract, and the plaintiff failed to raise a triable issue of fact in opposition (see generally Foster v Churchill, 87 NY2d 744, 749-750).
The parties' remaining contentions are without merit or need not be addressed in light of our determination.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court