Jennings v Metropolitan Transp. Auth. (2024 NY Slip Op 01801)

Jennings v Metropolitan Transp. Auth.

2024 NY Slip Op 01801

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-03117
 (Index No. 703349/19)

[*1]Binta Thiam Jennings, appellant, 
v
Metropolitan Transportation Authority, et al., respondents, et al., defendants.

Anne LaBarbera, P.C., New York, NY, for appellant.
Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia and Christopher M. Grimaldi of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered March 29, 2022. The order granted that branch of the motion of the defendants Metropolitan Transportation Authority and MTA Bus Company which was pursuant to CPLR 3211(a)(7) to dismiss the supplemental complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On May 21, 2018, the plaintiff allegedly was injured while a passenger on a bus owned by the defendants Metropolitan Transportation Authority and MTA Bus Company (hereinafter together the defendants), after the bus stopped short, causing her to fall. On August 2, 2018, the plaintiff submitted an application to the defendants for no-fault benefits. On January 9, 2019, the defendants denied the plaintiff's application.
In February 2019, the plaintiff commenced this action against the defendants, among others, inter alia, to recover damages for personal injuries that she allegedly sustained. Thereafter, the Supreme Court granted the plaintiff's oral application for leave to file a supplemental complaint, and in October 2021, the plaintiff filed a supplemental complaint alleging, inter alia, that the defendants had continued "in bad faith" to deny her application for no-fault benefits.
The defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the supplemental complaint insofar as asserted against them. In an order entered March 29, 2022, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the supplemental complaint insofar as asserted against them, finding that the facts, as alleged in the supplemental complaint, demonstrated that the plaintiff failed to comply with a condition precedent under 11 NYCRR 65-2.4(b) to maintain an action against the defendants as self-insurers, and that the plaintiff's submissions in opposition to the defendants' motion failed to remedy that defect in the supplemental complaint. The plaintiff appeals.
When considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for [*2]failure to state a cause of action, "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Belling v City of Long Beach, 168 AD3d 900, 901; see Leon v Martinez, 84 NY2d 83, 87-88). Further, the court "may consider any factual submissions made in opposition to a motion to dismiss a pleading in order to remedy pleading defects" (Minovici v Belkin BV, 109 AD3d 520, 521). Nevertheless, "'conclusory allegations— claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss'" (Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d 771, 774, quoting Godfrey v Spano, 13 NY3d 358, 373). Moreover, "[w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one" (Minovici v Belkin BV, 109 AD3d at 521 [internal quotation marks omitted]; see Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797).
"The Comprehensive Motor Vehicle Insurance Reparations Act, commonly referred to as the 'No-Fault Law' (see Insurance Law art 51) is aimed at ensuring 'prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists'" (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 504-505, quoting Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860). No action shall lie against a self-insurer under the no-fault law unless, as a condition precedent thereto, an eligible injured person submits written notice of a claim to the self-insurer as soon as practicable but no later than 30 days after an accident, or submits written proof providing a clear and reasonable justification for the failure to comply with such time limitation (see 11 NYCRR 65-2.4[a], [b]; Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 562-563; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317). This notice requirement may be deemed satisfied when the eligible injured person submits an application for motor vehicle no-fault benefits to the self-insurer no later than 30 days after an accident (see 11 NYCRR 65-3.3[d]; Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157, 162).
Here, the allegations in the supplemental complaint failed to demonstrate that the plaintiff complied with 11 NYCRR 65-2.4(b). According to the supplemental complaint, the plaintiff was injured on May 21, 2018, and she submitted her application for motor vehicle no-fault benefits to the defendants on August 2, 2018. Thus, the allegations in the supplemental complaint demonstrated that the plaintiff failed to provide written notice of the claim to the defendants within 30 days of the alleged accident (see id.; see generally St. Barnabas Hosp. v Penrac, Inc., 79 AD3d 733, 734-735; Masigla v ELRAC, Inc., 58 Misc 3d 127[A], 2017 NY Slip Op 51712[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]). The plaintiff also failed to demonstrate in opposition to the defendants' motion that she provided written proof to the defendants of a clear and reasonable justification for the failure to timely provide them with written notice of the claim (see 11 NYCRR 65-2.4[b]; Charles Deng Acupuncture, P.C. v Citiwide Auto Leasing, 59 Misc 3d 129[A], 2018 NY Slip Op 50411[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]; Alleviation Med. Servs., P.C. v Hertz Co., 54 Misc 3d 132[A], 2017 NY Slip Op 50046[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the supplemental complaint insofar as asserted against them (see Minovici v Belkin BV, 109 AD3d at 521).
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court